## TOWN OF PETERBOROUGH *versus* TOWN OF JAFFREY.

Evidence as to the value of land is not a question of that character as to require the opinion of witnesses as a matter of skill and judgment.

THIS was an action to recover the sum of $43, for the support of Barnard Turner, a pauper, alleged to have a settlement in Jaffrey. The evidence offered to fix his settlement there, was, that Thomas Turner, the father, on whose settlement that of the son depended, owned real estate, situate in the town of Jaffrey, of the value of $150, for the term of four years, on which he resided during said time, and paid all the taxes.

The land in question was under incumbrance of $683,-91, but it was contended that the equity of redemption in Turner constituted an estate of sufficient value to give him a settlement in Jaffrey.

On the trial the plaintiff offered Timothy K. Ames, as a witness to prove the cash value of the land owned by Turner, on the ground that he was a man of skill in the matter of buying and selling land in the towns of Jaffrey, Peterborough and the vicinity.

The witness testified that he had purchased the land, comprising his farm of one hundred acres, in five different parcels—that he had purchased, in company with another, part of an one hundred acre lot, also a piece of land containing twenty acres, and a piece of mountain land containing eight, or ten acres, and had sold a thirty-six acre piece of land, and that since 1813 he had acted as deputy sheriff, and auctioneer, and had frequently sold at auction, during said time, lands situated in Jaffrey, Peterborough, and vicinity to the amount, as the witness thought, of $75,000. That he was generally acquainted with the quality of the land sold by him. Also that he

was acquainted with the Turner farm during the four years he occupied it, and since.

The court ruled that the witness could not be permitted to testify as to the cash value of the land in question.

*Walker* and *B. M. Farley*, for the plaintiff.

*E. Parker*, for the defendant.

The opinion of the court was drawn up by

UPHAM, J.* In ordinary cases the opinions of witnesses should not be submitted to a jury, for the reason that the jury possess sufficient experience to enable them to make the proper inference from the facts.

There is a class of cases, however, depending on questions involving a degree of skill and judgment such as is necessarily confined to a few individuals exercising a particular science, art, or profession. Such cases form an exception to the rule laid down, and the jury must necessarily depend, in the determination of such questions, not upon the exercise of their own judgments upon the facts, but upon the opinions, and conclusions of others.

It is manifest that this class of cases should not be unnecessarily extended, and that the opinions of experienced persons in matters of skill, and judgment, should not be admitted except where they are the only means by which the jury can come to a correct conclusion.

In evidence as to hand writing, the simplest and most obvious proof is the testimony of a witness who saw the paper, or signature actually written. But, in the ordinary course of business, a great variety of instances are continually occurring, where such direct evidence cannot possibly be procured, and there is no alternative but to trust to the opinions of witnesses who are acquainted with the handwriting.

*Parker, J. did not sit.

A similar necessity has rendered the opinions of experienced persons evidence as to the authenticity of bank notes.

A seal engraver has been permitted to testify whether an impression in question was forged, or genuine. An engineer may be examined as to his judgment on the effect of an embankment on a harbor as collected from experiment. The opinion of a practical surveyor is admitted as evidence whether piles of stones, and marks on trees are monuments of boundaries. And the testimony of medical men is constantly admitted with respect to the causes of disease or death, but in these, and in all instances depending on skill, and judgment, the witnesses, may be required to give the reasons, and the facts on which their opinions are founded. 9 Mass. 225 ; 8 ditto, 371 ; 4 D. & E. 498 ; 4 Pick. 156 ; 5 ditto, 510 ; 3 Mass. 330, and 236 ; 5 B. & Ald. 330 ; 1 Phil. on Ev. 209 ; 1 Starkie, 73 ; 3 ditto, 1736 ; 3 N. H. Rep. 365.

In this case it is not contended that the opinion of the witness is admissible, except on the ground of peculiar skill and knowledge. That the opinion of witnesses generally, as to the value of land is inadmissible, has been decided in the case of *Rochester* v. *Chester*, 3 N. H. Rep. 349. The witness, in this case, was permitted to testify as to the quantity, quality, location, state of improvement, and cultivation of the land, and all other facts that he could specify having a bearing on the question of value.

There could be no circumstance which could fix the particular marketable value of the land which was a matter of peculiar skill and knowledge of the witness.— The ordinary value of land of a particular description within the county must be a matter of public notoriety, and is such a question as the jury, who are by statute required to be freeholders, would be fully conversant with, and abundantly able to decide.

We see therefore no reason for dispensing with the or-

dinary rule of evidence in this case and nothing which goes to set up the witness as a man of such peculiar skill and judgment as to take from the jury their peculiar province of determining from the facts, and not from the opinions of witnesses.

*Judgment on the verdict.*