## WHIPPLE *vs.* WALPOLE.

It is competent for a witness to testify as to the actual cost of property at any particular place, to fix its value.

In an action for damages arising from a defect in a bridge, exemplary damages may be given, in case the defendants have been guilty of gross negligence.

CASE, to recover damages for the loss of the plaintiff's horses, arising from a defect in a bridge, which the defendants were bound to repair.

In the course of enquiry as to the amount of damages sustained by the plaintiff, the plaintiff asked of a witness what horses, like those lost by the plaintiff, cost at Charlestown, in this state, near which place the loss occurred, and at which place the horses had been generally kept and employed most of the time, as a stage team, to transport the mail and passengers between Charlestown and Walpole, in this state. To which enquiry the defendants objected; but the objection was overruled, and the question put and answered.

The plaintiff contended, that he was entitled to recover exemplary damages in this case. The court instructed the jury, that for ordinary neglect the plaintiff could not recover exemplary damages; but that such damages might be allowed, in the discretion of the jury, in case they believed there had been *gross negligence* on the part of the defendants.

The jury having returned a verdict for the plaintiff, the defendants moved for a new trial.

*Hubbard & Gilchrist*, for the plaintiff.

*Vose*, for the defendants.

WILCOX, J.   It has been held, in this state, that a witness cannot be enquired of directly as to the value of land, horses, cattle, or other property of a similar character—that to receive such testimony would be to receive the opinion of the witnesses, in cases where they have no particular skill above the

rest of the community.   It is usual, therefore, to ask of witnesses a description of the property, its character and qualities, leaving it to the jury to assess its value.  *Rochester* vs. *Chester*, 3 *N. H. Rep.* 349.

We are not inclined at present either to question the soundness of this opinion, or to extend its operation.   It certainly would facilitate our enquiries in many cases to ask directly as to the value of property ; while in other cases the testimony of witnesses might so conflict as to aid the jury but little in their investigations.   Such testimony may indeed be in some degree open to the objection, that it is more or less the opinion of the witness.   So it is, and must be in many other cases ; as, when a witness testifies as to lapse of time, or as to distance, without any means at the time to measure them.

In the present case the question put was, what horses like those lost, or injured, cost at Charlestown ; which has reference to actual sales, and presupposes that the witness has knowledge of the sale of horses at that place.   A witness may testify as to the market value of property at any particular time and place—for that is a matter of fact, and not of opinion.   We think, therefore, that the testimony was properly received.   Had it appeared that the witness had no knowledge of actual sales of horses at that place, and, therefore, that he must answer solely from opinion, the result would probably have been different.

It is further objected to the charge of the court, that the jury were told that if the defendants had been guilty of gross negligence, they might, in their discretion, give exemplary damages.

Where goods are obtained by a fraudulent representation, and an action is brought for the injury, the jury are authorized to give damages for the punishment of the fraud, over and above the value of the goods.  *Allen* vs. *Addington*, 7 *Wend.* 10.

In trespass, for beating plaintiff's horse, the jury may give damages beyond the value of the horse, or *smart money*,

there being proof of great and wanton cruelty on the part of the defendant.    *Wort* vs. *Jenkins*, 14 *Johns. R.* 352.

In actions for torts, the jury may take into consideration the evil example of the defendant's conduct, for increasing the damages ; as, in case for a libel.   *Tillotson* vs. *Cheetham*, 3 *Johns. R.* 57.    In *Huckle* vs. *Money*, 2 *Wils.* 205, which was trespass for assault and imprisonment under a general warrant of a secretary of state, Lord Camden admitted that the mere personal injury to the plaintiff was very small, but said that the jury had done right in giving exemplary damages, as it was a case which concerned the liberty of the subject. In 3 *Wils.* 18, which was for debauching the plaintiff's daughter, C. J. Wilmot observed, that actions of that sort were brought for example's sake ; and that although the loss to the plaintiff might not really amount to twenty shillings, yet the jury had done right in giving liberal damages.

In *Tillotson* vs. *Cheetham*, 3 *Johns. R.* 65, C. J. Kent, after citing various authorities to this point, proceeds to say : " But it cannot be required to multiply instances in which the doctrine contained in this part of the charge has received the sanction of the English and of the American courts of justice.   It is too well settled in practice, and too valuable in principle, to be called in question."

The principle being thus established, that in actions for torts to the person and to personal property, the jury may give *liberal*, or *exemplary* damages, in their discretion—damages beyond the actual injury sustained, for the sake of the example—the only remaining enquiry is, whether the present case was proper for the exercise of that discretion ?   And upon this point we entertain no doubt.   This is an action on the case ; and brought for the neglect of a duty, in which the public at large have a deep interest.   Towns are bound by law to make and repair bridges.   Upon these structures we necessarily intrust our property and our persons ; and by a neglect of this duty the lives of many are endangered.   In this very case, in consequence of the neglect of the defendants,

Whipple *v.* Walpole.

three individuals were suddenly destroyed, and others expos-
ed to most imminent peril. If, then, the defendants had been
guilty of *gross negligence*, we think the jury were not bound
to be very exact in estimating the amount of damages; and
that they might, in their discretion, give the plaintiff exem-
plary damages.

*Judgment on the verdict.*