# MERRIMACK,

## JULY TERM, A. D. 1844.

---

## ROBERTSON *vs.* STARK.

Where a note is offered in evidence, in connection with a mortgage, it is not necessary that all the particulars of it should be specified in the condition of the mortgage, in order to identify it as the note intended to be secured thereby.

If a general description of the note is contained in the mortgage, it will be *primâ facie* evidence that it is the note intended to be secured, although the note may contain additional particulars, or be signed by other persons than the mortgagor.

Thus, where a mortgage described the note secured as one for $625.00, signed by the mortgagor, payable to the mortgagee, or order, on demand, with interest annually, and of even date with the mortgage; and the note offered in evidence was of the same date, amount, and payable to the mortgagee, or order, "in teaming, on demand, with interest annually, from Warner to Boston, at the following prices:" to which was added a farther stipulation as to forwarding in part by railroad, and the note was signed by the mortgagee and two others, it was—*Held*, that the note (or contract) so produced was *primâ facie* the note intended by the description in the mortgage.

As a general rule, the opinion of witnesses is not to be received in evidence, merely because they may have had some experience, or greater opportunities of observation, than others, unless they relate to matters of skill and science.

The opinion of an experienced teamster respecting the value of horses, harnesses, and wagons, which are familiar to him, is not admissible; it not being a matter of skill or science.

TROVER, for eight horses, two wagons, twelve harnesses, &c.

To show title to the property, the plaintiff produced a mortgage deed, made in due form from J. R. Webber and Benjamin Packard, to himself, conveying a portion of the property. It was dated Nov. 17, 1841, and duly recorded. The condition was to pay to the plaintiff " the sum of $700.00, agreeably to the said Webber's and Packard's note for said sum, to be paid in teaming, on demand, with interest annually, and bearing even date here-

with." The plaintiff also produced the following paper, signed by the mortgagors, viz : " Nov. 17, 1841. For value received, we jointly and severally promise to pay Harrison D. Robertson, or order, seven hundred dollars, to be paid in teaming, on demand, with interest annually, from Warner, N. H. to Boston, Mass. at the following prices ;" [stating the prices of several different articles ;] " other freight to be delivered in Boston at 42 cents 100 lbs."

The plaintiff also offered in evidence another mortgage, duly executed and recorded, from one Eastman to himself, dated April 8, 1840, conveying a certain other part of the property, and conditioned to pay to him " the sum of $625.00 and interest, agreeable to a promissory note of hand, signed by the said Jeremiah Eastman, jr., made payable to the said Harrison D. Robertson, or order, on demand, with interest annually, for said sum, and bearing even date herewith." He also offered a certain other paper, as follows : " April 8, 1840. For value received I promise to pay Harrison D. Robertson, or order, $625.00, in teaming, on demand, with interest annually, from Warner, N. H. to Boston, Mass. at the following prices," [stating them.] " The above freight can be left at Nashua depôt, by the subscriber paying all expenses from Nashua to Boston, where the above freight is to be delivered." This contract was signed by Eastman, Packard and Webber.

To the reception of this evidence the defendant objected, because, although the mortgages contained a description of the property in question, yet the papers offered to prove the indebtedness of the mortgagors were other and different contracts from those described in the mortgages, and were not duly and legally set forth or described therein. But the court overruled the objection, and admitted them.

To prove the value of the property, the plaintiff offered the depositions of sundry persons, giving their opinions of the specific value of each article.

One witness deposed that he had followed teaming from Warner to Boston more or less for the last thirty years ; had frequently been in company on the road with the teams in question, and had

been much in the habit of buying and selling wagons, horses and harnesses; that he was well acquainted with the teams; and then stated what the several horses, &c. were worth.

Another witness testified that he was well acquainted with the team driven by Benjamin Packard in the summer of 1842; that he is, and has been for the last four years, a teamster, and driven five and six horse teams on the road between New-London and Boston during that time; that he has bought and sold wagons, horses and harnesses, and has knowledge of the worth of such property; and then stated what the several horses, &c. were worth.

To the admission of this evidence the defendant objected. The court admitted it, but instructed the jury that as to the value of the horses, they being a species of property in common use by most people, they must form their own opinion of their value, from the description given of them, and must judge whether the opinion of a teamster is better than that of any other person; but that, as to the value of team wagons and team harnesses, those who use them and deal in the article can form a better opinion of their value than others.

The jury returned a verdict for the plaintiff; and the defendant filed exceptions to the admission of the above mentioned evidence and depositions, and moved that the verdict be set aside, and a new trial granted.

*Ainsworth,* (with whom were *Peirce & Fowler,*) for the plaintiff. 1. The mortgage contained a sufficient description of the note. It is only necessary to show that the note is the one intended. 10 *N. H. Rep.* 429, *Colby* vs. *Everett.* If the debt is the same, the description is immaterial. 2 *N. H. Rep.* 525, *Elliot* vs. *Sleeper;* 10 *N. H. Rep.* 210, *New-Hampshire Bank* vs. *Willard.*

2. The evidence of the teamsters as to value was rightly admitted. 2 *Phillips's Ev.* (*Cowen's Ed.*) 760; *Swift's Ev.* 111. The case of *Rochester* vs. *Chester,* 3 *N. H. Rep.* 349, seems contrary; but the court, at page 365, say that it was not pretended

that the witnesses had been in the habit of buying and selling such property, or had any particular skill in judging of its value.

J. U. Parker, for the defendant.

PARKER, C. J.  Where a note, or other obligation, is offered in evidence in connection with a mortgage, it is not necessary that all the particulars of it should be specified in the condition of the mortgage, in order to identify it as the note intended to be secured by the mortgage.  It will be sufficient if it is so far described that it appears, with reasonable certainty, to be the note or contract intended to be secured by the mortgage.  If there should be certain particulars in which it agreed with the description in the condition, and certain other particulars in which it varied from it, the mere possession of it by the mortgagee might not furnish even prima facie evidence that it was the very note or contract intended to be described and secured ; although, if the variances were in immaterial matters, they might be regarded as unimportant upon the question of identity.

But where the description is accurate as far as it goes, the paper offered in evidence merely containing other particulars, consistent with those set down in the condition, it seems to be quite clear that the possession and production of the instrument is prima facie evidence that it is the same mentioned in the condition.

In the present case, the instrument intended to be secured by the first mortgage is described as a note ; but it is one to be paid in teaming ; and we thus have, on the face of the condition, evidence that a promissory note payable in money was not the contract to be secured.  The date, amount, and time of payment, are also stated as in the contract.  The additional particulars, that the teaming was to be from Warner to Boston, and at certain specified prices, do not take from the instrument the character of a note payable in teaming ; nor do they lead to any reasonable supposition that there might have been another note of that date, for that sum, signed by the same parties, payable to the plaintiff in teaming, on demand, with interest annually, and which has been paid or assigned to some other person.

Robertson *v.* Stark.

And in the other case, where the description is less perfect as to particulars, the date and sum, and the fact that the instrument purports to be payable to the plaintiff, or order, on demand, with interest annually, agree with the description in the mortgage. This is quite sufficient to show, *primâ facie*, that the instrument produced is the one intended to be described, notwithstanding that it specifies that payment was to be made in teaming, at specified prices, and that it appears to have been signed by others than the mortgagor. These fact are not inconsistent with the description in the condition.

In relation to the evidence respecting the value of the property in question, we are of opinion that there was an error in the ruling of the judge who tried the cause. As a general rule, the opinion of witnesses is not to be received in evidence merely because they may have had more experience, or greater opportunities of observation than others, unless they relate to matters of skill or science. 17 *Wend.* 137, *Norman* vs. *Wells;* 1 *Paine's C. C. R.* 539, 546, *United States* vs. *Willard;* 3 *Yeates* 527, *Lessee of Forbes* vs. *Caruthers;* 9 *Bing.* 333, *Ramadge* vs. *Ryan;* 7 *Verm. R.* 153, 161, *Lester* vs. *Pittsford;* 3 *N. H. Rep.* 349, *Rochester* vs. *Chester;* 2 *Phillips's Ev.* 290, *note.*

Greater opportunities for observation, and greater study respecting certain subjects, may give the witness superior skill in relation to those subjects, and entitle his opinions to be received as those of an expert. Thus, witnesses who have made it a subject of study and observation may be admitted to give their opinion respecting handwriting, whether it is forged; 17 *Pick.* 490, *Moody* vs. *Rowell;* 4 *Esp.* 117, *Rex* vs. *Cator;* or feigned, 4 *T. R.* 497, *Revett* vs. *Braham;* 9 *Conn. R.* 55, 60, *Lyon* vs. *Lyman;* or is that of a particular individual, 2 *Pick.* 47, *Commonwealth* vs. *Carey;* 5 *Hamm.* 6, 7, *Hess* vs. *The State;* 5 *N. H. Rep.* 367, *The State* vs. *Carr;* 1 *Greenl. Ev.* § 577, *note* 1, *et seq.* So, observation of the particular habits of certain animals may entitle the observer to the character of an expert, the means of knowledge not being open to the community generally. 3 *Fairfield* 222, *Cottrill* vs. *Myrick.* In an action for breach of promise to marry, a person accustomed to observe the mutual conduct of

Robertson *v.* Stark.

the parties, may give in evidence his opinion upon the question whether they were attached to each other. 4 *Cowen* 355, *McKee* vs. *Nelson.* A seal engraver may give his opinion whether an impression is or is not a genuine impression from the original seal. 3 *Doug.* 157, *Folkes* vs. *Chadd, per Ld. Mansfield.* In an action of trespass, for making an embankment which was alleged to have caused the gradual choking up of a harbor, the opinions of scientific engineers were admitted as to the effect of such an embankment upon the harbor. *Ib.* A ship-builder may be called as a witness to give his opinion of the seaworthiness of a ship, on facts stated by others. *Peake* 25, *Thornton* vs. *The Royal Exchange Ass. Co.* A secretary of a fire-insurance company, accustomed to examine buildings with reference to the insurance of them, and who, as a county commissioner, had frequently estimated damages occasioned by the laying out of railroads and highways, may be called to give his opinion as to the effect of laying a railroad, and the passing of locomotive engines within a certain distance, upon the rent and the rate of insurance of the building. 2 *Met.* 147, *Webber* vs. *The Eastern Railroad.*

But it has been held in this State that opinions respecting the value of property in common use are not admissible. 10 *N. H. Rep.* 130, *Whipple* vs. *Walpole;* 6 *N. H. Rep.* 462, 464, *Peterborough* vs. *Jaffrey;* 3 *N. H. Rep.* 349, *Rochester* vs. *Chester.* And we are of opinion that there is nothing in the study or ordinary observation of horses and harnesses which entitle a witness to be introduced as an expert in relation to the value of such property. Opinions will necessarily vary greatly upon such subjects. Their value is not a matter to be brought to the test of skill or observation. The judgment of one witness respecting value may be better than that of another; but that is, in a great degree, because he has more intelligence, and a better capacity for forming a judgment; matters which a court cannot well weigh, in determining upon the admissibility of a witness, when sufficient mind for the formation of an opinion exists. And it is not necessary that an exception should be made in favor of such evidence. The property can be described, and the jury ordinarily have sufficient experience to enable them to judge. If such property

have a market value, that can be given in evidence; and from the description, the evidence of market value, and their own observation and means of judgment, juries have generally found no difficulty in arriving at results perhaps as satisfactory as if the conflicting opinions of witnesses respecting the value had been introduced for their consideration.

The instructions to the jury in this case, although they limited the operation of the evidence in some particulars, did not exclude it from their consideration, and there must, therefore, be a

*New trial.*