John B. Brown *versus* Jonathan Williams, and The Thomaston Mutual Fire Insurance Co., *as Trustees.*

Same *versus* Same.

Where a mutual fire insurance company were entitled to a lien on all property insured by them, and where one condition of the insurance was, that if the representation made by the applicant for insurance, was materially false, the policy should not cover the loss; and where the insured, in his application, stated that he was the owner of the building insured, when he had only a bond, for a deed of it, upon the performance of certain conditions, which have never been performed; — *it was holden,* that the company was not liable to pay for a loss by fire, otherwise within the policy.

The facts sufficiently appear in the opinion of the Court. Applications in writing for insurance were required to be made, and certain questions to be answered. In this case, one was :

" *Question.* Who is the owner of the building ? Is there any incumbrance ? *Answer.* Applicant." On the same paper was the following : —

" N. B. If the representation above, is materially false, the policy will not cover a loss or damage done to the property." In the policy, reference was made to the application.

*M. H. Smith,* for the trustees, made one point, that the

company was not liable, because the applicant, represented himself to be the owner of the land and buildings, when in fact he was not. It was required by the very terms of the policy, that this should be stated; and the applicant was warned that the policy was void, on failure of compliance. This was not mere matter of form, for it was the only security the insurers had, that the losses would be paid.

*Ruggles*, for the plaintiff, said, that the holding of the property for the premium, was merely collateral, and not material. But the agent of the company knew of the actual situation of the property at the time, and it is now too late to escape from responsibility, on this ground. Besides, the applicant had an insurable interest in the buildings, and so are the authorities. The company might waive the right to have an answer, and did so in this instance.

The opinion of the Court was drawn up by

WHITMAN C. J. — The defendant, being defaulted, and the trustees, who are the Thomaston Mutual Fire Insurance Company, having disclosed, we are required to determine whether they are chargeable, or not. If they are, it is because they were, at the time of the service of the writ upon them, answerable upon two policies against damage by fire, issued by them in favor of the defendant, Williams, upon buildings represented by him to be his; and which had been consumed by fire, before that time. The company are entitled to a lien on all property insured by them, to secure the payment of premiums or assessments.

Propositions for insurance are made to the company, in a form prescribed by them, containing interrogatories, which are to be answered by the applicant. The policies issued, refer to the applications made in each case, and are conditioned, if the statements made in the application, be not materially true, that the policies shall be void. It is insisted, for the company, that the applications for the policies relied upon by the plaintiff, contain untrue statements, as they represented that the buildings described therein, were the defendant's property ; and also

that the policies contain the same untrue statement. It appears that both applications and policies, do contain such a statement. They call the buildings his. And there was an omission in both applications to answer the interrogatories, as to whether there were any incumbrances, on the property. It appears that the defendant had no legal title to the property insured. He had only a bond for a deed of it, upon the performance of certain conditions, which have never been performed. The company, therefore, could have no lien upon the estate insured. The misrepresentation, therefore, was materially untrue; for each member of the company was interested in having such a security, from every other member thereof, as would insure the payment of his proportion of any losses, occurring during their mutual membership. If an assessment upon one should fail to be collected, it must be assessed upon the others.

It is true, that an equitable interest may be the subject of an insurance; and in policies obtained at the common offices, for the purpose, it need not be described as such. But at mutual insurance offices, it must necessarily be otherwise, when a lien in behalf of all concerned, is to be created. It then becomes material, that the company should become apprized of the true state of the ownership, in the property insured. It will operate as a fraud upon the members of the company, if the applicant calls the property, proposed to be insured, his, and thereupon, obtains an insurance of it, when, in fact, he has but a contingent interest in it; and, as in this case, of a very precarious kind; and in reference to which, a lien in behalf of the company, could not be enforced.

An attempt was made to make it appear, that the agent of the company was informed that the defendant, when he made his applications, had no other title than a right to a conveyance, upon the performance of certain conditions. But such fact, as the evidence stands, cannot be regarded as established. The defendant's agent merely says, he is not positive, but thinks he did state to Loring, the agent of the company, that there were incumbrances upon the land upon which the buildings were

erected; that he does not, at this distance of time, recollect the particulars of the conversation; and again, that he knew the defendant did not own the land, and thinks he so informed Loring; but he is positive, that nothing was said of Reed's ownership, with whom the defendant had contracted for the land. Loring, however, is positive, that if any thing had been said to him about any defect in the title, it would have appeared in the defendant's applications which he filled up at the request of his agent; and none appears therein.

Our conclusion is, therefore, that the policies were not obligatory upon the company, and therefore, that, as trustees, they must be discharged.