# MARSHALL *v.* COLUMBIAN MUTUAL FIRE INSURANCE COMPANY.

The general rule in this State is, that the opinions of witnesses are not competent evidence, except on questions of science, trade, and skill; subjects upon which a jury are not supposed to have the information necessary to enable them to make the proper inference from the facts.

Whether the opinion of a mechanic, familiar with the erection of buildings, and having sufficient knowledge in regard to the business to testify as an expert, is competent evidence as to the value of a building—*quære?*

In applying for insurance against fire, it is a general rule that whatever is material to the risk shall be correctly set forth in the application, otherwise the policy will be void.

If, however, the application be taken by an agent of the company, and he is aware of facts material to the risk, but which are not set forth in the application, the company will be charged with knowledge; and under such circumstance an unintentional concealment or misrepresentation will not make void the policy.

Where the charter and by-laws of an insurance company are referred to in the policy, as making a part of it, they are as binding upon the parties as if they had been introduced into the body of the policy.

By the terms of a policy of insurance, the act of incorporation and by-laws formed a part of the policy. A section of the act gave the company a lien upon the buildings insured, and the land whereon they stood, for the payment of all assessments made upon the premium note; and an article of the by-laws provided that if the applicant for insurance had a less estate than a fee simple, the policy should be void, unless the true title of the assured should be disclosed in his application. The assured, in his application, requested insurance on his building, and made no further representation as to his title to the building, or the land whereon it stood. It appeared that he did not own the land, but held it as tenant, at a fixed rent, with an agreement to purchase, if he chose, in a specified time, and the building was destroyed without his having made the purchase. *Held* that, in the absence of knowledge on the part of the company, as to the character of the title, the loss could not be recovered.

ASSUMPSIT, upon a policy of insurance against fire, for $300, on the plaintiff's building, finished partly into a dwelling house and partly into a store, and $300 on the stock in trade in the store.

Plea, the general issue.

Upon the trial the plaintiff introduced the deposition of

Milton Prock, who testified that he was a house joiner, and had always been engaged in that as his business; that he had worked at it himself for many years, and had built a great many houses by contract, employing a great many hands in the prosecution of that business; that during the three preceding years he had built not less than twenty-five houses by contract, and that he considered himself to be well acquainted with the business; that he was well acquainted with the house in question, at the time of its destruction by fire; that he finished off the outside of it and that part of the inside which was finished into a store, and did some of the work on the inside of the house part of the building; that in his opinion such a building could not be built, at the time of giving his deposition, for less than $450, and that it was worth more at the time it was destroyed than it would have been then, on account of the difference in the value of materials at the different times.

To the competency of this evidence the defendants excepted; but the exception was overruled, and the evidence admitted.

By the terms of the policy, the insurance was made under the conditions and limitations contained in the articles accompanying the policy, which articles were the act of the legislature of this State incorporating the defendants, and the by-laws of said corporation.

In the sixth section of the act of incorporation is contained the following provision, to wit: " Every member of said company shall be, and hereby is, bound and obliged to pay his proportion of all its losses and expenses, happening or accruing during his connection herewith; and the buildings and the land whereon they stand, and the property insured therein, shall be held by said company as security for any deposit note given for the insurance of the same; and the policy itself, of any member, shall create a lien on the property for the amount of any premium note, and the costs which may accrue in collecting the same, and such lien shall

continue during the existence of said policy and the liability of the insured, notwithstanding any transfer or alienation thereof."

In the sixth article of the by-laws is contained the following provision, to wit: " If the applicant for insurance has a less estate than a fee simple, the policy shall be void unless the true title of the assured shall be disclosed in his application."

In the plaintiff's application for the insurance, he requests the defendants to insure the sum of $300 on his building, occupied as a dwelling house and small store, valued at $450, and no further representation is made in the application relative to the plaintiff's title to the building, or the land whereon it stood.

It was proved at the trial, that the building was erected by the plaintiff, on the land of another person, under an agreement that the plaintiff, at any time within three years from the time of erecting the building, paying a sum agreed on for rent of the land, might remove the building, or have a deed of the land, on paying a stipulated price therefor; and that at the time of the destruction of the building the plaintiff had paid two years rent for the land, but had acquired no title to it; and that the three years had not expired at the time the building was destroyed.

A premium note was given by the plaintiff to the defendants at the issuing of the policy, and as, in part, the consideration therefor, payable in such assessments as might be made thereon, pursuant to the act of incorporation.

The defendants contended that upon these facts the plaintiff could not sustain his action; but the court ruled otherwise, and a verdict was returned for the plaintiff. The defendants thereupon moved that the same might be set aside and a new trial granted, for supposed error in the rulings of the court. And the questions arising upon the motion were transferred to this court for determination.

*Ainsworth* and *A. Fletcher*, for the defendants.

We contend :—

I.   That Prock, the witness for the plaintiff, was errone-
ously allowed to testify as an expert, as to the value of the
building destroyed.

As a general rule, witnesses are not permitted to give an
opinion, except in matters depending on skill and judg-
ment; as a physician, an artist, or one skilled in a particu-
lar science.

In this case the witness was allowed to give his opinion
as to the value of a piece of property composed entirely of
work and materials; of all which the jury are to judge
from the description of the articles and the price of labor.
*Rochester* v. *Chester,* 3 N. H. Rep. 349 ; *Peterborough* v.
*Jaffrey,* 6 N. H. Rep. 462 ; *Robertson* v. *Stark,* 15 N. H.
Rep. 109.

II.   By the act of incorporation, the buildings and the
land whereon they stand, and the property insured, shall be
held by the company as security for assessments, &c., and
article six of the by-laws provides that " if the applicant for
insurance has a less estate than a fee simple, the policy shall
be void, unless the true title is disclosed in his application."
In this case the applicant did not disclose his true title, as he
did not own the land on which the building stood.

The application in this particular was false and fraudu-
lent, and the policy void on that account.

We desire to refer the court to the following authorities
as being pertinent to the case at bar.   *Fowler* v. *Ætna Ins.
Co.* 6 Cowen 673 ; *Stetson* v. *Mass. Ins. Co.* 4 Mass. Rep.
337 ; *Lawrence* v. *Columbian Ins. Co.* 2 Peter's Rep. 25 ;
*Houghton* v. *Manufac. Ins. Co.* 8 Met. 114 ; *Holmes* v.
*Charlestown Ins. Co.* 10 Met. 214.

The company would not insure property that was obliged
to be removed like this.   It was personal property, and it
was material for the defendants to know that such was the
fact.   The plaintiff got the insurance for a less per cent.

than he would have done, had the property been correctly described.

*H. A. & A. H. Bellows*, for the plaintiff.

I. The substance of Prock's statement is the cost of such a building at the time of the loss; and that was a material question. The house was built to a great extent by him, and he had ample experience to enable him to state the cost. No exception was taken that he was not an expert. After having given the value of the materials, he was allowed to state the cost of the whole structure, including' the labor. He, in fact, was shown to be a manufacturer of houses, and so comes within the qualifications stated by *Parker*, C. J., in *Beard* v. *Kirk*, 11 N. H. Rep. 400.

The property being in another government, and the jury not acquainted with its value, and besides, there being no market value for such property, it not being usually sold apart from the land, the jury can be made to know its value only through the statements of persons skilled in its manufacture.

It makes, in fact, a case of necessity, and comes within the principles laid down in *Rochester* v. *Chester*, 3 N. H. Rep. 365 ; and in *Peterborough* v. *Jaffrey*, 6 N. H. Rep. 462.

This is not, in fact, the opinion of a witness as to value. It is a statement of a person skilled in the manufacture of a particular article, as to its cost; like the statement of a mill-wright, of the cost of a water-wheel; by a ship-builder, of the cost of a ship.

But the cases where the opinion of a person of science and skill is received go far enough for our purpose. *Barron* v. *Cobleigh*, 11 N. H. Rep. 566; *Davis* v. *Mason*, 4 Pick. 158 ; *Vandire* v. *Burpee*, 13 Met. 288; *Sikes* v. *Paine*, 10 Iredell 280 ; 1 Greenl. Ev. § 440 ; 2 C. & Hill's Phil. note 529.

II. The plaintiff did own the property insured, and was not bound to state the title to the land on which it stood.

The by-laws do not require it in terms, nor does it come within the spirit of the rule.

Ordinarily the title to the buildings and land is the same, and in such cases the title to the land is material. But that is not the case here. The disclosure of the title to the land is not material to the risk. *Fletcher* v. *Commonwealth Ins. Co.*, 18 Pick. 419; *Curry* v. *Commonwealth Ins. Co.*, 10 Pick. 535. The former is precisely in point, and decisive of this case, we think.

The house may be regarded as personal preperty.

EASTMAN, J. The opinions of witnesses are not receivable in this State as competent evidence, except on questions of science, skill, and trade, and others of a like kind; subjects concerning which it is supposed that the jury do not possess general information. *Concord Railroad* v. *Greeley*, 3 Foster's Rep. 237. In all cases where the jury are presumed to have the necessary information to enable them to make the proper inference from the facts, the opinions of witnesses are not received.

Thus it has been held that evidence as to the value of land is not a question of the character to require the opinion of witnesses as a matter of skill and judgment. It is a species of property that a jury are presumed to be familiar with. *Peterborough* v. *Jaffrey*, 6 N. H. Rep. 462; *Rochester* v. *Chester*, 3 N. H. Rep. 349; *Hoitt* v. *Moulton*, 1 Foster's Rep. 586.

The witness may testify as to quantity, quality, situation, state of improvement and cultivation of the land, and having done thus much, the jury, from their general knowledge, are able to decide as correctly of the value as the witness himself.

So it has been held that the opinion of a witness respecting the value of an article cannot be given in evidence, merely because he is particularly familiar with the use and

price of articles of that kind. *Beard* v. *Kirk*, 11 N. H. Rep. 397.

And in *Robertson* v. *Stark*, 15 N. H. Rep. 109, it was held that, as a general rule, the opinion of witnesses is not to be received in evidence, merely because they may have had some experience, or greater opportunities of observation than others, unless they relate to matters of skill and science, and hence that the opinion of an experienced teamster respecting the value of horses, harnesses and wagons, which are familiar to him, is not admissible.

In the case under consideration, the witness, Prock, appears to have had sufficient experience to entitle him to the character of an expert in his business, and if the opinions of witnesses are competent to prove the value of buildings, his testimony was admissible. But is the erection of buildings a matter of such peculiar skill, science, trade or mystery, as not to be understood by jurymen generally? The witness might describe the size of the building, the materials of which it was made, the time it would take to finish the various parts, and the price of labor, and the jury could then judge of the cost. We do not say that it might not be easier, and often times a much more expeditious way of disposing of the matter, to take the opinion of the witness at once, where he has the requisite knowledge and information to give it correctly; and cases will often times arise where there can be no danger of a jury's being misled by the evidence; at the same time would it not be breaking in upon a rule which has long been regarded as settled in this State?

As was remarked by *Wilcox*, J., in *Whipple v. Walpole*, 10 N. H. Rep. 131, we are not inclined, at present, either to question the soundness of the rule, or to extend its operation. It certainly would facilitate our inquires in many cases to ask directly as to the value of property, while in other cases the testimony of witnesses might so conflict as to aid the jury but little in their investigations.

But the decision of this point in the case is of but little

importance compared with the next, since the defect in the testimony could easily be remedied upon another trial; and with these remarks we pass this question, suggesting the *quære*, however, whether, under our practice, this evidence could be admitted?

The next question goes to the foundation of the plaintiff's right of action, since, if the defendants' objection is sustained, the action must fail. The substance of the objection is, that there has been a concealment and misrepresentation, by the plaintiff, in regard to the title of the property, by which the company were led to make a contract which they otherwise would not have done.

The act of incorporation and the by-laws were made a part of the policy. The insurance was made under the conditions and limitations contained in the act of incorporation and the by-laws of the company, and they are a part of the contract between the parties, in the same manner as if they had been introduced into the body of the policy. *Smith* v. *Bowditch Mut. Fire Ins. Co.* 6 Cush. 448; *Liscom* v. *Boston Mut. Fire Ins. Co.* 9 Met. 205; *Holmes* v. *Charlestown Mut. Fire Ins. Co.* 10 Met. 211; *Shirley* v. *Mutual Assurance Society*, 2 Rob. (Va. Rep.) 505; *Susquehanna Ins. Co.* v. *Perrine*, 7 Watts & Serg. 348.

By the sixth article of the by-laws, it is provided that "if the applicant, for insurance, has a less estate than a fee simple, the policy shall be void, unless the true title of the assured shall be disclosed in his application."

And in the sixth section of the act of incorporation there is the following provision: "Every member of said company shall be, and hereby is bound and obliged to pay his proportion of all its losses and expenses happening or accruing during his connection therewith; and the buildings and the land whereon they stand, and the property insured therein, shall be held by said company as security for any deposit-note given for the insurance of the same; and the policy itself of any member shall create a lien on the property for

the amount of any premium-note, and the costs which may accrue in collecting the same, and such lien shall continue during the existence of said policy and the liability of the insured, notwithstanding any transfer or alienation thereof."

The contract of insurance with the plaintiff was made subject to the provisions of this article of the by-laws and section of the charter. They formed a part of the conditions upon which the policy was issued. They were a part of the conditions upon which the plaintiff was admitted a member of the company.

In the plaintiff's application for insurance, he requested the defendants to insure the sum of $300 on his building, occupied as a dwelling-house and a small store, valued at $459, and he made no further representation or statement relative to his title to the building or the land whereon it stood.

Now the defendants position is, that if the plaintiff had stated the true situation of the property, it would not have been insured in the manner in which it was; that it was insured as real estate, the defendants supposing that they had a claim upon the land, should the building be destroyed by fire; whereas, had the true title been stated, it would either not have been insured at all, or would have been insured as personal property, and at a higher rate of premium.

We hold it to be good law, that whatever is material to the risk should be correctly set forth in the application, otherwise the policy will be void. *Carpenter* v. *American Ins. Co.* 1 Story 57; *Stetson* v. *Massachusetts Ins. Co.* 4 Mass. Rep. 337; *Dennison* v. *Thomaston Mut. Ins. Co.* 2 Appleton 125; *Fowler* v. *Ætna Ins. Co.* 6 Cowen 673; *Addison* v. *Louisville Ins. Co.* 7 B. Monroe 470; *Davenport* v. *New England Mut. Fire Ins. Co.* 6 Cush. 624.

If, however, the application be taken by an agent of the company acting for them, and he is aware of the facts which are not included in the application, the company will be presumed to know them; and under such circumstances

an unintentional misrepresentation or concealment of facts will not make void the policy. The company will be charged with the same knowledge as that possessed by their agent. *Masters* v. *Madison Mut. Ins. Co.* 11 Barb. 624. And there are cases which hold that where inquiries are not put by the company or its agents, as to the title and situation of the property, and nothing appears to show that fraud was designed by the insured, a suppression of facts will not make void the policy. *Fletcher* v. *Commonwealth Ins. Co.* 18 Pick. 419; *Niblo* v. *North American Fire Ins. Co.* 1 Sand. Sup. Court Rep. 551; *Strong* v. *Manufacturers' Ins. Co.* 10 Pick. 44; *Franklin Ins. Co.* v. *Drake*, 2 B. Monroe 47; *Delathy* v. *Memphis Ins. Co.* 8 Humph. (Tenn.) Rep. 624.

But if inquiries are put, a substantially correct statement must be made, or the policy will be void. All representations which enter into the essence of the contract, and which go to lay the foundations of it, whatever would cause the company to accept or reject the application, should be truly stated. *Locke* v. *North Amer. Ins. Co.* 13 Mass. Rep. 97; *Niblo* v. *North American Fire Ins. Co.* 1 Sand. Sup. Court Rep. 551; *Brown* v. *Williams*, 28 Maine Rep. 252; *Houghton* v. *Man. Ins. Co.* 8 Met. 114; 1 Phillips on Ins. 354; 1 Marshall on Ins. 450; *Lawrence* v. *Columbian Ins. Co.* 2 Peters 25; *Livingston* v. *Maryland Ins. Co.* 7 Cranch 506; *Catlin* v. *Springfield Fire Ins. Co.* 1 Sumner 434.

In this case, it was incumbent on the plaintiff to have set forth truly the situation of the property, and that the land on which the buildings stood was not his. The defendants made the contract with the plaintiff, upon the condition that if the title to the property was less than a fee simple, he should disclose it, and state what it was, otherwise the policy should be void. And this was a material representation, inasmuch as by the charter the company had a lien upon the property for the payment of all assessments for losses happening during the continuance of the contract. It

was material, because every member of the company was interested in having such security taken from each of the other members, as would insure the payment of all assessments made for losses during their mutual membership; for if an assessment of one should fail to be collected, it would have to be collected from the others. If the company had known that the plaintiff was not the owner of the land, they would probably have required security for the payment of the premium-note. Such a course is not unfrequently taken by insurance companies, and the directors would no doubt have pursued it in this instance.

In addition to these considerations, it was material to the company to be correctly informed in regard to the plaintiff's interest in the property and its character, that they might fix the proper premium to be paid for the risk. Personal property is not, ordinarily, insured at the same rates as real estate; and, if the truth had been known, it might have caused the company to have charged a higher premium, or rejected the application entirely. The situation of the title to the land was important for the defendants to know, in making the contract, and was what they should have known, in order to the formation of a fair agreement.

The foregoing views are, we think, fully sustained, in principle, by the following among other authorities. *Brown* v. *Williams*, 28 Maine Rep. 252; *Smith* v. *Bowditch Mut. Fire Ins. Co.* 6 Cush. 448; *Houghton* v. *Manufacturers' Mut. Fire Ins. Co.* 8 Met. 114; *Mahon* v. *Mutual Assurance Co.* 5 Call's (Va.) Rep. 517; *Masters* v. *Madison County Mut. Ins. Co.* 11 Barb. Sup. Court Rep. 624; *Davenport* v. *New England Mut. Fire Ins. Co.* 6 Cush. 340; *Egan* v. *Mutual Ins. Co.* 5 Denio 326; *Lawrence* v. *Columbian Ins. Co.* 2 Peters 25.

The case of *Fletcher* v. *The Commonwealth Ins. Co.* 18 Pick. 419, would seem, at first, as stated by the counsel, to be decisive in favor of the plaintiff's right of recovery. But

upon examination, it will be found to be clearly distinguishable from this case.

That was an insurance effected in a common stock company, and no written application was made or required. The property was similarly situated with this, but the premium was, of course, paid down, and the company had no claim upon the land for the payment of the premium, and no occasion for any such claim. Neither was there any express provision making void the policy, as in this case, should the title be misstated. The ownership of the land was immaterial to them, in the view upon which insurances are made in mutual companies. The stock of the latter consists of its premium-notes, and the companies have, as in, this case, a lien upon the land on which the buildings are situated, as security for the payment of assessments, while the former deal in cash premiums only, and require their payment, as pre-requisite to their liability. There is a clear distinction between the two cases, and an evident reason for it.

It is believed that the same distinction will be found in other authorities, which hold the same doctrine as that of *Fletcher* v. *The Commonwealth Ins. Co.*, and that many cases upon the subject of insurance, which are apparently conflicting in the points decided, can easily be reconciled upon the same ground, that is, in the difference existing in the contract made with a stock company and that made with a mutual company.

. Unless the application, in this case, was taken by an agent of the company, and he was aware of the situation of the premises, so as to charge the company with knowledge as to the title, the defendants must prevail. From an examination of the case, we find nothing that shows that the company had any knowledge of the situation of the land, nor do we discover any fault, on their part, in regard to obtaining the information. It appears, also, by the sixth arti-

cle of the by-laws, that " the applicant alone-is responsible for the correctness of his application."

The plaintiff, in his application, requested insurance on his building, without disclosing that he did not own the land. He stated that the property was his, and that it was unincumbered. He contracted that if he had a less estate than a fee simple, the policy should be void, unless the title was truly stated; and he contracted further that the defendants should have a lien upon the building and land whereon it stood, as security for his deposit or premium-note.

He did not state his title truly. Having a less estate than a fee simple, he should have made known what his title was; and the company can have no lien upon the land, for the plaintiff did not own it. Such a contract cannot be enforced, and the verdict must be set aside.

After this opinion was delivered, *Bellows*, suggested that the plaintiff was a citizen of Maine, and that the property insured was situated in this State; and he raised the question whether the company could have any lien by the laws of Maine, inasmuch as the charter was granted by the Legislature of New Hampshire.

EASTMAN, J. Nothing appears in the case showing where the property was situated. It did not occur to us that it was not in this State, and the question raised by the counsel has not been considered by the court. It appears to me, however, that the suggestion cannot relieve the plaintiff, even if the lien could not be enforced in the State of Maine. It was material and necessary for the company to be informed in regard to the character and situation of the property, in fixing the premium, and also to know whether the plaintiff owned the land or not, that they might the better understand his circumstances, and decide whether they would exact security for the payment of the deposit-note; and by the sixth section of the by-laws, which is a

part of the policy, it is expressly provided, that if the appli-cant has a less estate than a fee simple it shall be truly dis-closed, otherwise the policy shall be void. This provision alone, upon the facts disclosed, would seem to settle the case against the plaintiff. My impression is that the case of *Leathers* v. *The Farmers' Mut. Fire Ins. Co.* 4 Foster's Rep. 259, a case on which I did not sit, is decisive of the point.

I am not prepared to say whether the courts of Maine would enforce the lien provided for in the policy or not, for I have given the subject no examination. It is true, that it is a lien created by the laws of this State; but it should be borne in mind, also, that the plaintiff expressly contracts that the lien shall exist upon his property; and if he sees fit to place such an incumbrance upon it, by his voluntary act, may it not be enforced by the tribunals of another state? It may be a species of contract and incumbrance unknown to the laws of Maine, but it has been entered into upon a good consideration, and why may it not be en-forced?

The court will, however, examine the point, and deliver a further opinion, if necessary.