# COOS,

## JULY TERM, A. D. 1854.

## PATTERSON v. COLEBROOK.

The opinions of witnesses cannot ordinarily be received as evidence, unless they relate to matters of skill and science.

Where an action was brought to recover damages for an injury occasioned by a defect in a highway, and a witness was asked "What cause or occasion he saw for the accident," and answered that "he did not see any,"—*held*, that the question and answer were inadmissible.

The liability over of a surveyor of highways to the town for damages arising from the want of repairs in a highway, ceases when the surveyor has, within the scope of his authority and in good faith, caused all the taxes in his warrant to be worked out, unless a further amount be placed in his hands by the selectmen.

A surveyor of highways who has, in good faith, caused all the taxes upon his list to be worked out, is a competent witness for the town, without a release, in an action against the town to recover damages for an injury occasioned by a defect in a highway, within the limits of his district where the injury was received after he had so expended all the taxes upon his list.

A. let a wagon to B., and C., while riding in the same, with B., was injured. In an action by C. against a town, to recover damages for an injury occasioned by a defect in the highway, while riding in the wagon—*held*, that there was no privity of contract between A. and C., as to the goodness of the wagon, and that A. was a competent witness for C., in his action against the town.

It is not improper for the presiding justice, after stating and explaining the rules of law by which the jury are to be governed in a case, to make such suggestions, in relation to the facts, as he may suppose to be warranted by the case and to be useful to the jury.

CASE, to recover damages caused by the insufficiency and want of repairs in a highway in said town. Plea, the general issue.

In September, 1850, Patterson, the plaintiff, was travelling in a carriage in the town of Colebrook, and, passing over a small bridge, was carried against a log about ten rods from it, and thrown out and much hurt. His evidence tended to show that the bridge was old and rotten, that there was a large and dangerous hole in it, and had been for several months before, that the road beyond the bridge, and at the place of the injury, was narrow, ledgy, stony and rough, and that the insufficiency of the highway was the cause of his injury.

These positions were denied by the defendants, who introduced evidence tending to show that the irons which fastened the whiffletree to the axle, were very much worn, and that the accident was caused by the breaking of one of those irons, by which the horses were frightened and became unmanageable.

To meet this last point, the person who owned the carriage produced in court certain irons, which he said were the same.

A large number of witnesses testified in respect to what was the actual condition of the highway in point of fact; the soundness or rottenness of the bridge; the existence and size of the hole; the width and course of the road; the height and length of the wharfing; the size of the ledge extending into the road; the number and size of rocks or stones; and, in general, every thing which went to show what was its actual condition. And upon this point, the deposition of George A. Owen was read, with the exception of the third, fourth and fifth answers, which were excluded by the court, subject to exception, on the ground that they were only the opinion of the witness. The questions and answers were as follows:

" 3.  For same.  What cause or occasion did you see for the accident in and about the road over which they drove ?  Objected' to by the plaintiff.

Answer.  I did not see any.

4. For same. What obstruction, if any, did said hole in the bridge present to the passage of said carriage? Objected to by the plaintiff.

Answer. I should say it was no obstruction at all.

5. For same. How was said road up said hill, on the west side of the bridge, as to gullies, rocks, &c.?

Answer. I say it was as smooth as roads in general."

The court, upon the same ground, excluded so much of the answer to the fifth interrogatory in Eli Cloud's deposition, as is now enclosed in a parenthesis. The question and answer were as follows:

"For same. (Defendant.) Did you notice the tracks made by said carriage, and if so, will you describe how they went, and what appeared from such tracks and marks to have been the cause of the accident? Objected to by the plaintiff.

Answer. I saw some tracks that came up the hill that I called the tracks of that carriage. I tracked them along up to within about ten feet from where they hit the log, and then they seemed to bear off till the wheel hit the log, about four or five feet from the end. (I saw nothing to obstruct the course of the carriage until it hit the log. I saw nothing to cause the accident, except what I have stated. I saw nothing to obstruct the carriage but the log, and I cannot see how it got there, unless it was broke before it hit the log.) Objected to by the plaintiff."

One Thompson had let the carriage to one Merrill, to go to Dixville Notch and return. At the time of the accident, the plaintiff was riding in the carriage from Dixville Notch, with Merrill's consent, and driving the horses, and Merrill was behind in a single wagon. The court admitted Thompson as a witness, to which the defendant excepted.

The presiding justice, in his charge to the jury, after stating and explaining the rules of law by which the jury should be governed, made such suggestions in relation to the facts as he supposed were warranted by the case, and

would be useful to the jury, and then left the whole matter to them, to draw such conclusions from the testimony as they thought proper. To some of these suggestions the counsel for the defendants took exception. The justice, in his report of the case as sent to this court, remarked that, should this court deem his course exceptionable, he would state, so far as he could remember or ascertain, what his remarks were.

The jury returned a verdict for the plaintiff, which the defendants moved to set aside for alleged error in the rulings and decisions of the court.

*Flint,* for the defendants.

It is contended with great confidence that all, or at least a part of the testimony of Cloud and Owen, which was ruled out, was competent. Testimony of a witness is not to be excluded because the opinion or judgment of the witness is intermingled or involved in a statement of facts. If so, then almost all testimony must be excluded, as it is nearly or quite impossible to make a statement of facts not involving the opinion or judgment of the witness. It is the superadding the opinion of the witness to his statement of the facts, and his conclusion growing out of those facts that the law rejects. *Whipple* v. *Walpole,* 10 N. H. Rep. 131; *Beard* v. *Kirk,* 11 N. H. Rep. 397; 1 Foster's Rep. 100; 2 Pick. 304; 4 Cowen 355; 3 Dana 301, 382; 4 Harr. & Johns. 507.

A highway surveyor has no power to act or to bind the town, without a list of taxes and a warrant to collect them. Rev. Stat. ch. 55, § 4. The selectmen may and should make necessary repairs. Rev. Stat. ch. 55, § 11; 5 Mass. Rep. 294, 298.

A surveyor can purchase lumber, plank, &c., at the charge of the town, but this is in connection with the working out of the taxes on his list, and to enable him to do it to ad-

vantage, and to save him the necessity of laying out his own money for these purposes. Rev. Stat. ch. 55, § 14.

On sudden emergencies, he can call out help forthwith, but not unless he has on his list a tax against some one. Rev. Stat. ch. 55, § 6.

The surveyor is only liable in case the damage happened through his fault or neglect. Rev. Stat. ch. 57, § 2. In this case, he had worked out all the taxes on his list before the month of the accident. He had no legal power to do any thing further. He had completed his duties as surveyor, and his office was virtually at an end; and unless he had been negligent or in fault, in the discharge of those duties, his liabilities growing out of that office were also at an end.

There is never any presumption that an officer has discharged his duties unfaithfully; on the contrary, the legal and proper presumption is that he has discharged them faithfully; and in the present case that the surveyor had laid out his money to the best advantage, and in those places where it was most needed. His liability is by no means coextensive with that of the town. He is only liable to see that the taxes on his list are faithfully worked out and properly applied. The town is liable to keep the road in good repair, and for all damages accruing in consequence of its not being so kept. Now if this surveyor is incompetent because there is a possibility that he has been in "fault or neglect," then the surveyor of the last year and the year before would be incompetent, for there is with them the same possibility.

A witness is presumed to be competent till the contrary is shown. 7 B. & C. 815. And a witness is not disqualified by a remote or contingent interest. 2 Tyler 399; 1 Johns. 487; 12 Johns. 285; 1 Strange 650.

Courts will not presume a witness guilty of a wrong so as to exclude him. 1 Stark. 357, note. And the fact that a witness may be liable to an action, in case the suit goes

against the party calling him, does not necessarily disqualify him. *Carter* v. *Pierce*, 1 Term 163; *Goodlittle* v. *Wellford*, 1 Doug. 140; 4 Burr. 2254, 2255; 6 Taun. 220; 2 Strange 1069; *Lowe* v. *Jolliffe*, 1 Wm. Black. 365; 11 Vermont Rep. 331; 11 Mass. Rep. 242.

Deputy sheriffs, pilots, brokers, ship masters and servants are incompetent to. testify for their principals, where their negligence or misconduct constitute the gist of the action, and where they are liable over to their principals. 1 Greenl. Ev. § 394; 1 Strange 650. But this suit is not based upon the fault or neglect of the surveyor. The conduct of the surveyor was not in question. Even if the road were out of repair, it would not necessarily follow that it was by the fault or neglect of the surveyor.

If the surveyor had had the means in his hands, or had had the power, by virtue of his office, without the means, to keep the road in such repair as the town was bound to keep it in, and if the duties and obligations of his office had gone to that extent, then he would have had such a definite interest in the event of the suit as would exclude him; for then if the town were in fault he would be; or, in other words, the fault of the town would be primarily and essentially his. Then he would have stood substantially in the same relation to the town as the deputy sheriff, the broker, the shipmaster and the servant do to their principals, to whom they are liable. But here the case is entirely different. The fact that the road was out of repair, if it were so, after the surveyor had discharged his duties, and ceased to have any power to act or bind the town any further, neither proved nor implied that he was in fault. This being the case, it seems manifest that the interest of the surveyor is too remote and contingent to render him incompetent.

*Burt, Burns & Fletcher*, for the plaintiff.

The testimony of Cloud and Owen, which was ruled out,

was clearly matter of opinion, and, therefore, incompetent. The witnesses should have stated what they did see, not what their opinion was of what they saw. If such testimony were to be received, the effect would be to make the witnesses the judges of the sufficiency of the road, instead of the jury.

The term of a highway surveyor's office continues for one year after he enters upon the duties of the office; and he has duties to perform during the whole term in repairing the highway and keeping it clear of obstructions, notwithstanding he may have worked out the taxes on the list committed to him. In case of injury received by a traveler, from any defect or obstruction in the highway, the surveyor is liable over to the town for such damages as the town may have to pay. Rev. Stat. ch. 57, § 2. Being so liable, a surveyor is clearly interested in the event of the suit brought against the town, and should be excluded.

The court will not stop, on the trial of such a suit, to inquire into the manner in which the surveyor has discharged the duties of his office, with a view to receive or reject his testimony, according to the conclusion to which they shall arrive upon that point, but will reject his testimony at once, unless he has been legally released from all liability to the town.

The surveyor, in this case, was rightly rejected. The road and bridge were out of repair, and it was his duty to have taken active measures to repair them. He was in office, and if his taxes were all worked out, it was his duty to have notified the selectmen. Rev. Stat. ch. 55, §§ 14, 11. Fox's Town Officer, ch. 32, § 25.

And the amount of damages which might be recovered against the town would be the measure of damages against the surveyor. *Uran* v. *Randolph*, 6 Vermont Rep. 369.

Thompson was a competent witness. He had no interest in the event of the suit. He would neither gain or lose any thing by the result; nor could the verdict be given in

evidence for or against him in any other suit. If he had any interest in the event, it must arise out of some contract, express or implied, between him and the plaintiff, in regard to the sufficiency of the carriage. But there was no such contract between them. Thompson never let the carriage to the plaintiff. Being no contract, there could be no liability. *Winterbottom* v. *Wright*, 10 M. & W. 109; 1 Greenl. Ev. § 394; Browne on Actions at Law 385.

It is not only the right but the duty of the judge to make such suggestions, in relation to the facts in a case, as shall in his judgment best subserve the purposes of justice. *Gilbert* v. *Woodbury*, 22 Maine Rep. 249; *Commonwealth* v. *Child*, 10 Pick. 252; *Frankfort Bank* v. *Johnson*, 24 Maine Rep. 490.

EASTMAN, J. The ruling of the court, in rejecting a portion of the deposition of Owen, was correct. The evidence was so far matter of opinion as to be liable to the general objection that the opinions of the witnesses cannot ordinarily be received in evidence, unless they relate to matters of skill and science. *Robertson* v. *Stark*, 15 N. H. Rep. 109; *Norman* v. *Wells*, 17 Wend. 137; *Hoitt* v. *Moulton*, 1 Foster's Rep. 586.

Instead of asking the witness what " cause or occasion " he saw for the accident, or what obstruction the hole in the bridge presented to the passage of the carriage, questions, the answer to which would seem necessarily to call for an opinion from the witness; the defendants should have asked him to give a description of the road and the obstructions, if any, that were in it; and the jury would have judged whether there was any " cause or occasion " for the accident. A witness, in giving a description of the subject-matter in dispute, must oftentimes necessarily exercise to some extent his judgment, and his statements cannot be entirely free from opinion. But that is a different matter from drawing conclusions from detailed or admitted facts,

and expressing an opinion in regard to them. It would be one thing for a witness to say that there was a ditch in the road about a foot deep, or a log extending to the middle of the road; and quite another to express the opinion that neither of them caused the accident, or that they did. The fact of their existence being shown, with wheel tracks near them or not, the jury and not the witness, would judge whether they were the cause of the injury sustained.

The correctness of the decision whereby a portion of Cloud's deposition was excluded, is more questionable, particularly the first part, where the witness says that he saw nothing to obstruct the course of the carriage till it struck the log. This was rather a compound of opinion and fact combined. The question should have been put so that the witness might have stated the situation and appearance of the road, instead of jumping at the conclusion that he saw nothing to obstruct the course of the carriage. It appears to us that, for the reasons already stated, the ruling of the court in this respect was well enough.

Thompson was a competent witness. He let the wagon to Merrill, not to the plaintiff, and if liable to any one for its insufficiency, it was to Merrill. There was no privity of contract between Thompson and Patterson, either express or implied. The liability in such cases should be direct and immediate, in order to exclude the witness. If he is liable to a third person who is liable to the party, and the judgment could not be used against him, such circuity of interest is no legal ground of exclusion. And such was the fact here. 1 Greenl. Ev. § 394; *Clark* v. *Lucas*, Ryan & Moody 32; *Winterbottom* v. *Wright*, 10 Meeson & Welsby 109.

We discover nothing in the course pursued by the court, in their instructions to the jury, that ought to disturb the verdict. This exception, as well as the one in relation to the competency of Thompson, is abandoned in the argument by the defendant's counsel.

But there is another exception to the ruling of the court which, we think, must prevail. We refer to the exclusion of the highway surveyor, as a witness for the defendants.

By the first section of chapter 57 of the Revised Statutes, it is provided that in case any special damage shall happen to any person, or to his team or carriage, by reason of the obstructions, insufficiency or want of repairs of any highway or bridge in any town, the person injured shall recover his damage in an action against such town. It is upon this section of the statute that this action is founded.

Section second of the same chapter provides that the town shall have a remedy over against any surveyor through whose fault or neglect the damage shall happen.

Under these provisions, surveyors of highways are, in ordinary cases, liable over to towns for damages recovered by virtue of the first section. The judgments recovered against the towns are evidence of the amount of damages in actions against the surveyors; and hence they are incompetent as witnesses, on trials between the party injured and the towns; and if the towns wish to use them as witnesses, they must cause them to be legally released. *Carleton* v. *Bath*, 2 Foster's Rep. 559. But if it is made to appear to the court that the surveyor is not liable over for the damages sustained, then the interest in the result does not exist, and the witness is competent.

A surveyor of highways is bound to see that the whole amount of taxes embraced in his warrant is fairly laid out and expended, if needed, upon the highway in his district; and when thus expended his duty and liability terminate, unless a further amount be placed in his hands for repairs. He has the right to purchase such timber, plank and other materials, as may be necessary for repairing the highways and bridges within his district, at the cost and charge of the town. Rev. Stat. ch. 55, § 14; *Palmer* v. *Carroll*, 4 Foster's Rep. 314. But in no other respects can he, as surveyor, go beyond the power given by his warrant. If the taxes

---
---

are insufficient to make the necessary repairs and put the road in proper order, the selectmen are required to cause the road or bridge to be put in repair at the expense of the town. Rev. Stat. ch. 55, § 11. After the tax is expended the surveyor has no discretion to proceed further; that duty devolves upon the selectmen.

When a warrant is put into the hands of a highway surveyor, the presumption is that he will cause the taxes to be expended in a judicious manner. In this matter he has no guide but his own judgment; and if he exercises that faithfully and diligently, it is sufficient. He acts as the public agent of the town, and so long as he is governed by good faith and integrity, he is entrusted with a discretion to lay out the money as he may think proper. *Palmer* v. *Carroll*, 4 Foster's Rep. 314. And when he has caused the taxes to be worked out according to his best judgment and within the scope of his authority, and has no further money to expend, and has no power to expend more, unless by special authority from the selectmen, it would be unjust, under such circumstances, to hold him liable for damages occasioned by a deficiency in the highway in his district. Such damages would not be occasioned by any fault or neglect of his. Without funds from the town or authority from the selectmen, the only way in which he could repair the road would be with his own money, and that his office does not require him to do. It would not be reasonable to charge him with neglect of his duty because he did not complete the repairs at his own expense. Per *Parsons*, C. J., in *Wood* v. *Waterville*, 5 Mass Rep. 298.

The case finds that prior to the time that the injury complained of happened, the surveyor had worked out all the taxes upon his warrant, and the presumption is that this was done properly and faithfully, and that his duty had been fully performed. No suggestion is made to the contrary. Such being the fact, any defect in the highway cannot legally be charged to his fault or neglect, and if not,

then he had no interest in the result of the cause, and should have been admitted as a witness.

The only doubt we have had upon the point has arisen from the uncertainty in the case as to the cause of the injury; whether it was occasioned from the narrowness of the road or the hole in the bridge. If it happened by the want of repairs in the bridge, the surveyor might, it would seem, have repaired that under the provisions of section 14 of the 55th chapter of the Revised Statutes, which we have cited, independent of the taxes in his warrant, and so, perhaps, have been guilty of fault or neglect; but if from the narrowness and want of repairs in the road where the injury was sustained, ten rods from the bridge, which, we infer from the case, was the proximate cause of the injury, and have so treated it, then no liability could attach to the surveyor. He should, therefore, have been permitted to testify in the case, as he had no interest in the result beyond that of any other citizen of the town. And inhabitants of towns are, by express provision of the statute, competent witnesses in cases affecting their interests. Rev. Stat. ch. 188, § 12.

Should it be made to appear, on another trial, that the cause of the injury was the defect in the bridge, we might, perhaps, arrive at a different conclusion. Probably, however, before another trial, the town will take measures to relieve the case from all doubt, by releasing the witness from whatever claim they may have upon him. But as the case stands, the verdict must be set aside and

*A new trial granted.*