## REID v. DAVIS.

1. A contract for the sale and conveyance of land, evidenced by a bond, conditioned to make title at a future day, invests the purchaser with the right of entry; and though he has never taken actual possession, he cannot, on that ground, resist the payment of a promissory note, given for the purchase money.

2. A vendee of land may, after the expiration of the time within which the vendor has undertaken to make a title, demand the same and tender the purchase money, and if the vendor fails to perform his contract, by abandoning the possession he may rescind the contract of purchase. But the demand of the deed and offer to return the bond to the vendor, will not operate a rescission; unless there be something in the form of the contract making this sufficient.

WRIT of error to the Circuit Court of Lowndes.

This was an action of *assumpsit* on a promissory note made by the plaintiff in error, on the 11th November, 1837, for the payment, to the defendant, on the 1st of March, 1841, of the sum of three hundred and forty dollars. The cause was tried on the pleas of *non assumpsit*, failure of consideration and fraud. On the trial the defendant below excepted to the ruling of the Court. It was proved that the note declared on, was given for the purchase of a tract of land, by the defendant of the plaintiff, and that the latter had executed a bond to the former, conditioned to make him a title to the same as soon as a

patent therefor should be obtained from the United States. *Further*, it was proved by the defendant that he had demanded a deed for the land, of the plaintiff, who declined executing it, alledging that he had not received, and did not know when he should receive, the patent; that he procured the entry of the land to be made by his brother, who held the duplicate receipt therefor. The defendant then offered to surrender to the plaintiff his bond for titles, and give up the money which had been previously paid on his purchase, and rescind the contract, but to this the plaintiff would not assent. The defendant was not in actual possession at the time of the trial.

The plaintiff then exhibited a duplicate receipt for the land, in his own name, from the Receiver of public moneys at Demopolis, proved that the defendant had examined the land before and after the purchase by him, that it was situate in Alabama, wholly unimproved, and had never since the sale to the defendant been held adversely to him, or actually occupied by any one, but was at all times subject to the defendant's possession.

The Court charged the jury, if the land was unoccupied, or the defendant was undisturbed in his right to the possession, he might be considered as constructively possessed of it, and could not resist in an action at law, the payment of the purchase money on the ground that he was not in the actual occupancy. *Further*, that an offer by the defendant to rescind the contract and give up the plaintiff's bond for title could not avail as a defence at law.

The defendant's counsel moved the Court to charge the jury, that the refusal of the plaintiff to execute a deed when demanded was a fraud on the defendant for which he had a right to rescind the contract of purchase, which charge the Court refused to give. *And further*, that the defendant must have had a *possessio pedis* in order to estop him from resisting a recovery at law, which charge the Court refused to give, but charged the jury that if the defendant had or could obtain undisturbed possession at pleasure, he could not, for the want of an actual occupancy, defend himself at law against an action for the purchase money.

The jury returned a verdict for the plaintiff, for the amount

of the note and interest, and judgment was thereupon rendered.

T. WILLIAMS, for the plaintiff in error. There can be no necessity for going into equity to make the defence in a case like the present. The land had not been conveyed to the purchaser, but merely a bond for titles executed, and being uncultivated, the vendor could have no claim for rent, so that the offer to return the delivery bond, and its acceptance would place the parties in *statu quo.*

The seller undertook to make a title as soon as a patent could be obtained from the General Government, that is, within a reasonable time. That time had elapsed before the suit was brought; and the demand of a deed and the offer to surrender the bond put an end to the contract, even at law. [Cullum v. The Branch Bank at Mobile, during this term; Pitts v. Cottingham, 9 Porter's Rep. 675.]

R. SAFFOLD, for the defendant in error. The contract of the vendor, obliged him to make title as soon as he received a patent from the United States; it appears from the evidence recited that he was a purchaser from the Government, and in the absence of proof to the contrary, it will be presumed that he had done nothing to prevent the issuance of a patent in the regular course of business. The vendor, then, could not by the demand of a deed, have been put in default for failing to make a title.

There is no pretence of fraud. The vendee has not been disturbed in the possession of the land, and will doubtless receive a title according to the terms of the contract he has accepted.

The notes for the purchase money are made payable at different times, without reference to the time when the title was to be perfected, and it is not now allowable to object to their payment, because the vendor has not made a deed in advance of the time stipulated for its execution. If the vendee can be relieved, (which is denied,) it must be in Chancery. The defendant's counsel relied upon cases cited for plaintiff, and in addition referred to Calaway v. McElroy & Flannagin, 3 Ala. Rep. N. S. 406; Steele v. Kinkle & Lehr, ibid, 352; Gibbs v.

Williams, ibid, 316; Clay and others v. Dennis, use &c. ibid, 375.

COLLIER, C. J.—1. The fact that the defendant below never was in the actual occupancy of the land which he had purchased, cannot relieve him from liability to pay the purchase money. His contract gave him the right of entry and enjoyment, and these invested him with the constructive possession. [Bliss' adm'r v. Yancey, 1 Ala. Rep. N. S. 273; Clements v. Loggins, 1 Ala. Rep. N. S. 622; Fitzpatrick et al v. Featherstone & McDougald, 3 Ala. Rep. 40.] It is not pretended that there was any adverse occupancy; and this being the case, it was not incumbent on the plaintiff to put the defendant into the actual possession; nor will the omission of the latter to take possession of the land, or its mere abandonment afterwards, operate a rescission of the contract. [Clay et al v. Dennis, use &c. 3 Ala. Rep. 375.] The charge of the Court on this point then, was unobjectionable; it very properly supposed the contract to be in full force, and on that hypothesis informed the jury that the want of actual occupancy did not constitute a bar to a recovery.

2. The condition of the plaintiff's bond did not oblige him to complete the defendant's title by any definite time, but when he should obtain a patent for the land from the United States. This was an undertaking to do an act upon an event which would happen, but the time when was uncertain; and before the obligor can be put in default for its non-performance, it must appear that the event has actually taken place, or has (at least,) been delayed by his act or omission. The evidence recited in the bill of exceptions does not show the plaintiff has done, or omitted to do, any thing to prevent the issuance of a patent according to the regular order of business in the Land Office; and in the absence of all proof, we must intend that no fault is attributable to him. We must then suppose, that the demand of a title was premature, and its refusal under the circumstances can avail nothing. In Clements v. Loggins, [1 Ala. Rep. N. S. 622,] it was held that a vendee of land may tender the purchase money according to his contract, and demand title, and if the vendor refuses to make title, the vendee may abandon the possession and thus rescind the contract; but

Reid v. Davis.

a mere abandonment of the possession is not of itself sufficient to rescind the contract. When the same case was before the Court subsequently, it was decided, that to entitle the vendee to a rescission of the contract, the tender of the money and the demand of title must be made after the day stipulated for making the title, has arrived. [2. Ala. Rep. 514; to same effect is Steele v. Kinkle and Lehr, 3 Ala. Rep. 352.]

In the case at bar, no tender of the purchase money was made, but a mere demand of a deed upon an offer to surrender the bond. If the defendant could, at his election, under any circumstances, rescind the contract for the refusal of the plaintiff to make a title, where the money was not tendered, a conclusion which we do not admit, he certainly could not in the present case, when the plaintiff was under no obligation to yield to his demand. Where the vendor of land executes a bond, conditioned to make title to the vendee generally, and the vendee, in consideration thereof, makes his note payable to the vendor on a day certain, the failure to complete the title is not in itself a bar to an action on the note. [George & George v. Stockton, 1 Ala. Rep. 136; Stone v. Gover, ibid, 287. And a vendee who holds the bond of his vendor, conditioned for the conveyance of title upon a future event, which has not happened, cannot occupy a more favorable position.

3. It is scarcely necessary to say, that as the plaintiff was not in fault for not making a deed when demanded, the refusal to execute it, was not such a fraud upon the defendant as authorized him to rescind the contract.

We are unable to discover any error in the proceedings of the Circuit Court, and its judgment is consequently affirmed.