HANNAH MERRILL *versus* FARMERS' AND MECHANICS' MUTUAL FIRE INSURANCE COMPANY.

A misrepresentation of title, in the application to a *mutual* fire insurance company, avoids the policy.

An assignment of such policy, by the consent of the company, adds nothing to its validity.

ON REPORT.

ASSUMPSIT on a policy of insurance issued by the defendants, a mutual insurance company, brought in the name of the plaintiff for the benefit of one Sprowl. The execution of the policy, and the loss within the term were admitted. The other facts are sufficiently stated in the opinion.

*A. Merrill,* for plaintiff.

*L. Pierce,* for defendants.

The opinion of the Court was drawn up by

APPLETON, J.—The defendants, a mutual insurance company by virtue of their charter, have, upon compliance with the provisions of the law in that behalf, a lien upon the real estate insured. The state of the title, therefore, of the estate upon which the insurance is effected, is a fact material to the assurers, and in reference to which they have a right to truthful answers to their inquiries.

At the date of the policy, the title was in Elijah Atwood, who had given the plaintiff a bond to convey the estate to her upon certain terms and conditions therein specified. In the application of the plaintiff, in answers to the inquiries proposed, she stated that she insured as owner and that there was no incumbrance upon the property insured. It was important to the defendants, for the purpose of making their contract, to know the true situation of the title. The misrepresentation was material and entitles the defendants to avoid the policy. The insurance company have a right to be truly informed as to the extent of the interest of the assured in the premises assured. *Bowditch M. F. Insurance Co.* v. *Winslow,* 3 Gray, 415; *Marshall* v. *Columbian M. F. Insurance Co.,* 7 Foster, 157; *Lovejoy* v. *Augusta M. F. Ins. Co.,* 45 Maine, 472.

It appears that the policy was assigned to one Sprowl, with the assent of the defendants. It is not alleged that a new premium note was given or that the defendants were made acquainted with the facts as to the title. They had a right, at the time of the assurance and of the assignment, to regard the answers given as true. The assent to the assignment, given in ignorance of the truth, cannot be regarded as adversely affecting the corporation. *Eastman* v. *Carroll Co. M. F. Ins. Co.,* 45 Maine, 307.

The action is not maintainable. *Plaintiff nonsuit.*

TENNEY, C. J., CUTTING, GOODENOW, DAVIS and KENT, JJ., concurred.