# Loventhal v. Home Insurance Co.

*Action on a Fire Insurance Policy.*

1. *Insurance; title of insured under executory contract of purchase; construction of policy.*—A vendee of land in actual possession, exercising acts of ownership under a valid executory contract of purchase, and holding the bond of the vendor to make title upon full payment of the purchase money, a portion of which remains unpaid, is the unconditional and sole owner in fee simple of said land, within the meaning of a policy of insurance which is conditioned that the "entire policy shall be void if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple;" and as to an insured holding such interest a policy with this condition is not void, but can be enforced at the suit of the insured. (*Liberty Insurance Co. v. Boulden*, 96 Ala. 508, modified so far as it conflicts with the principle here announced.)

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellant, Mrs. Rebecca Loventhal, against the appellee, the Home Insurance Company, to recover $700, alleged to be due

[Loventhal v. Home Insurance Co.]

on a policy of insurance, taken out by plaintiff in the
defendant company, on a building which was destroyed
by fire previous to the bringing of the suit.

There were many pleas interposed and demurrers
were sustained to several of them, but under the opin-
ion in this case, it is deemed unnecessary to set them
out in detail. The sixth plea of the defendant was as
follows : ''This defendant, for further answer to the
complaint says, that in and by the terms of the policy
executed by the defendant to the plaintiff, and which
contains the contract of insurance, it is provided that
the entire policy shall be void 'if the subject of insurance
be a building on ground not owned by the insured in fee
simple,' and defendant says that the building insured in
and by said policy was on ground not owned by the
plaintiff in fee simple ; wherefore, the defendant says
that the said policy is void, and the plaintiff, by reason
of the premises, ought not to recover. Upon this plea
issue was joined by the plaintiff. The facts of the case
are sufficiently stated in the opinion.

Upon the hearing of all the evidence the court, at the
request of the defendant, gave the general affirmative
charge in its behalf, to the giving of which charge the
plaintiff duly excepted. There were verdict and judg-
ment for the defendant. Plaintiff appeals, and assigns
as error the several rulings of the trial court to which
exceptions were reserved.

MOUNTJOY & TOMLINSON, for appellant.—1. Insured
who has the equitable estate in fee to ground on which the
building stands is the owner in fee simple of the ground,
where the policy of insurance provides that the policy
shall be void if the subject of insurance be a building on
ground not owned by the insured in fee simple.—1
Blackstone 105 ; Rapalje's Law Dic. 460, § 13 ; *Cap. City
Ins. Co., v. Caldwell Bros.*, 95 Ala. 77 ; *Johannes v.
Standard Fire Office*, 70 Wis. 196, s. c. 5. Amer. St. Rep.
159 ; *Aetna Fire Ins. Co. v. Tyler*, 16 Wend. 385, s. c 30
Amer. Dec. 90 ; *Franklin Fire Ins. Co. v. Martin*, 40 N.
J. L. 568, s. c. 29 Amer. Rep. 271 ; *Pelton v. Westchester
Fire Ins. Co.*, 77 N. Y. 605 ; *Manhattan Fire Ins. Co. v.
Weill*, 28 Gratt. 389, s. c. 26 Amer. Rep. 364 ; *Acer v.
Merchants Ins. Co.*, 57 Barb. 68 ; *Farmers M. F. Ins. Co.
v. Fogelman,* 35 Mich. 482 ; *Dohn v. Farmers Ins. Co.*, 5

[Loventhal v. Home Insurance Co.]

Lans. 275 ; *Milville Ins. Co. v. Wilgus,* 88 Pa. St. 107 ; *Martin v. State Ins. Co.,* 44 N. J. L. 486, s. c. 43 Amer. Rep. 397 ; *Ins. Co. v. Haven,* 95 U. S. 242 ; *Phoenix Ins. Co. v. Bowdre,* 67 Miss. 620, s. c. 19 Amer. St. Rep. 326 ; *Gaylord v. Fire Ins. Co.,* 40 Mo. 13, s. c. 93 Amer. Dec. 289 ; *Elliott v. Ashland Fire Ins. Co.,* 117 Pa. St. 548, s. c. 2 Amer. St. Rep. 703 ; *Imp. Fire Ins. Co. v. Dunham,* 117 Pa. St. 460, s. c. 2 Amer. St. Rep. 686.

2. Policy of insurance is to be construed liberally to uphold the contract of insurance, and against forfeitures.— *Queen Ins. Co. v. Young,* 86 Ala. 424 ; *Com. Fire Ins. Co. v. Allen,* 80 Ala. 576 ; *Philadelphia Tool Co. v. Assurance Co.,* 132 Pa. St. 236, s. c. Amer. St. Rep. 596 ; *Hoffman v. Aetna Fire Ins. Co.,* 32 N. Y. 405, s. c. 88 Amer. Dec. 337 ; *Paul v. Travellers Ins. Co.,* 112 N. Y. 472, s. c. 8 Amer. St. Rep. 758 ; *Imp. Fire Ins. Co. v. Dunham,* 111 Pa. St. Rep. 460, s. c. 2 Amer. St. Rep. 686 ; *Ins. Co. v. Hoffman,* 125 Pa. St. 626 ; *Darrow v. Fund. Society,* 116 N. Y. 537, s. c. 15 Amer. St. Rep. 430 ; *Mut. Assu. Co. v. Scottish Un. Ins. Co.,* 84 Va. 116, s. c, 10 Amer. St. Rep. 819.

3. Condition in the policy that insured owns the ground in fee simple, or that he is the unconditional and sole owner of the building insured, is not violated by mortgage or other incumbrance on the ground and building.—2 Blackstone Com. pp. 152, 158, 179 ; *Burson v. Ins. Co.,* 136 Pa. St. 267, s. c. 20 Amer. St. Rep. 919 ; *Amer. &c. Stamping Co. v. Glenn Falls Ins. Co.,* 20 N. Y. Sup. 646 ; *Ins. Co. v. Haven,* 95 U. S. 242 ; *Com. Fire Ins. Co. v. Allen,* 80 Ala. 576 ; *Taylor v. Aetna Ins. Co.,* 7 Heisk. 503 ; *Conover v. Ins. Co.,* 1 N. Y. 290 ; *Savage v. Ins. Co.,* 52 N. Y. 502 ; *Noyes v. Ins. Co.,* 54 N. Y. 668 ; *Pelton v. Ins. Co.,* 77 N. Y. 605 ; *Carson v. Ins. Co.,* 43 N. J. L. 300 ; *Ins. Co. v. Walsh,* 54 Ill. 164 ; *Ins. Co. v. Spankncble,* 52 Ill. 53 ; *Ins. Co. v. Kelly,* 32 Md. 421 ; *Hubbard v. Ins. Co.,* 33 Iowa 325 ; *Kronk v. Ins. Co.,* 91 Pa. St. 300 ; *Stray v. Ins. Co.,* 1 Albany L. J. 162 ; *Green v. Ins. Co.,* 17 Hun 467 ; *Doliver v. St. Jos. Ins. Co.,* 128 Mass. 317.

4. The vendor of land who has executed his bond, conditioned to make title upon the payment of the purchase money, occupies the relation of mortgagee to his vendee, and his lien is the same as a mortgage executed to him contemporaneously with the conveyance of land to secure the payment of the purchase money.—*Bank-*

*head v. Owen*, 60 Ala. 457 ; *Driver v. Hudspeth*, 16 Ala. 348.

5. Conditions in policy, that insured is unconditional and sole owner in fee simple is satisfied where the insured is in possession under contract to purchase the fee simple estate, even where all the purchase money has not been paid.—*Imp. Fire Ins. Co. v. Dunham*, 117 Pa. St. 460 ; *Hough v. Ins. Co.*, 29 Conn. 10 ; *Hall v. Niagara Ins. Co.*, 93 Mich. 184 ; *Dupreau v. Hibernian Ins. Co.*, 76 Mich. 615.

6. Where policy of insurance provides that the entire policy of insurance shall be avoided by violation of certain conditions unless otherwise provided by agreement indorsed on the policy, or added thereto, such conditions are violated only by breaches or changes occurring after the issuance of the policy.—*Hall v. Ins. Co.*, 93 Mich. 184 ; *Hoose v. Preston Ins. Co.*, 84 Mich. 309.

WARD & JOHN, *contra.*—The sole issue presented is, did the plaintiff own the land on which the insured property stood having a fee simple title thereto? If this question is answered in the affirmative, then a bond for title, the holder not having paid the purchase money, gives a fee simple title. If one having a bond for title, not having paid the purchase money, for the purposes of insurance is the owner in fee simple of the land on which the insured property stands, then the appellant ought to have raised the question by demurrer to the plea. Not having demurred to the plea, but having joined issue on it, the court correctly gave the general charge. We understand the court to have decided the question here presented in *Liberty Ins. Co. v. Boulden* and *Scottish Un. & Nat. Ins. Co. v. Boulden*, 96 Ala. 508, and adversely to appellant. Appellant was in possession under a most defeasible right or equity. By all the authorities she was only a tenant at will.—3 Brick. Dig., 806, § 121 ; *Lewis v. Hawkins*, 23 Wall. (U. S.) 119 ; *Sufferans v. Townsend*, 9 Johns. 35 ; *Doolittle v. Eddy*, 7 Barb. 75. The holder under a bond for title has a most infirm title, while the owner in fee simple has an absolute estate. Tiedeman on Real Property, § 36.

A purchaser not having paid the purchase price, holding under an executory contract with condition to grant by deed in fee when the purchase money is paid,

is a' tenant at will.—Tiedeman on Real Property, § 216 ; *McQueen v. Ivey*, 36 Ala. 308. In *Tayloe v. Dugger*, 66 Ala. 444, the court speaking by Judge STONE said : "It is settled, both in this State and elsewhere, by a long and unbroken line of adjudications, that a purchaser by executory contract who is let into possession without a title deed, and without paying the purchase money is a mere tenant at will and does not hold adversely to the vendor. Ten years holding under such circumstances does not ripen into a right to hold the possession against the vendor."—See authorities he cites and the following : *Potts v. Coleman*, 67 Ala. 225 ; *Seabury v. Stewart*, 22 Ala. 207 ; *McQueen v. Ivey*, 36 Ala. 308 ; *Ormond v. Martin*, 37 Ala. 598.

HEAD, J.—Contested policy of fire insurance. That portion of the policy material to the main question raised by the record, is as follows : "Mrs Rebecca Loventhal, $700, on her two-story, frame, shingle roof building," etc., (describing it.) "This entire policy shall be void if the interest of the insured be other than unconditional and sole ownership ; or if the subject of insurance be a building on ground not owned by the insured, in fee simple." The interest of Mrs. Loventhal in the land, was that of vendee, under an executory contract of purchase holding the bond of the vendor to make title to her upon full payment of the purchase money—a portion of which remained unpaid. She was, and had been, for several years, in actual possession, under the contract of purchase, exercising all the claim and acts of ownership of an absolute owner ; and had, since the purchase, erected upon the land the house forming the subject of insurance. The last instalment of purchase money was past due. Upon these facts, is the policy void? It cannot be questioned that if the policy had merely defined the assured as the owner of the building, with stipulation, even, that it should be void if she was not owner, her interest would have answered the stipulation and rendered the contract of insurance valid and binding. No doubt can be raised that such an interest constitutes ownership that is insurable. The authorities are many, and all one way, upon the point.

Speaking of the character of title such as Mrs. Loventhal's, we said in *Wimbish v. Loan Association*,

69 Ala. 575 : "The general principle prevailing in a court of equity is, that from the time a valid contract for the purchase of lands is entered into, the vendor, as to the land, becomes a trustee for the vendee, and as to the purchase money, the vendee becomes a trustee for the vendor. When, as in the present case, the agreement is, in its legal nature, executory, the vendor covenanting to make title on the payment of the purchase money at a future day, a court of equity, pursuing its own maxim of looking upon or treating that as done which ought to have been done, or which the parties contemplate shall be done in the final execution and consummation of the contract, for most purposes, regards the contract as specifically executed. The vendee is the equitable owner of the land— the vendor is the owner of the purchase money. To the land a trust attaches ; of it the vendor is seized for the use of the vendee. The trust binds the land, while the legal estate remains in the vendor ; and it binds the heir or devisee succeeding to it, and every one claiming under the vendor, with the exception of a *bona fide* purchaser without notice.—1 Story Eq., § § 789-90. As land, the vendee may convey or devise it ; and as land it is descendible to his heirs, who may, in a court of equity, compel the specific execution of the contract. If there is not a stipulation to the contrary, the contract of itself operates a transmutation to the vendee of the possession, entitling him to the right of entry and enjoyment.— *Reid v. Davis*, 4 Ala. 83." We substantially reiterated these principles in *Ashurst v. Peck*, 101 Ala. 499, 14 So. Rep. 541. They are familiar to the text writers.—2 Story Eq., § § 789-90 ; 1 Pom. Eq. Jur., § § 368-372 ; 3 Ib. § § 1161-1406. Again, in many of our decisions, we have said that the relation of vendor to vendee, in cases like the present, is precisely that of mortgagee or mortgagor. All the incidents of the latter relation attach to it.—*Bankhead v. Owen*, 60 Ala. 457, where the authorities are collated on page 467. See also *Ashurst v. Peck, supra*, where we recognized this rule, and held that such a vendor in possession, is liable to the vendee for rents and profits to the same extent that a mortgagee in possession is liable to the mortgagor. And see also *Hester v. Hunnicutt*, 104 Ala. 282, where we enforced the principle with emphasis. In *Conner v. Banks*,

18 Ala. 42, Judge Dargan said: "It is a well settled rule that the vendor of real estate, who has not executed a deed to the purchaser, holds the legal title as a security for the payment of the purchase money; and if he executed a bond to make titles when the purchase money is paid, the contract, in a court of equity, will be considered in the nature of a conveyance to the purchaser and a re-conveyance back by way of mortgage." See also *Moses Bros. v. Johnson,* 88 Ala. 517, which states the principle very broadly. In view of these unassailable principles, we must regard Mrs. Loventhal as owner of the property; and just such an owner as she would have been, if her vendor had conveyed to her, by deed, the entire, absolute and unconditional estate therein, in fee simple, and she had reconveyed it to him, by way of mortgage, to secure payment of the purchase money. Then the simple question is, was that interest, so held by her, unconditional and sole ownership; or was the ground owned by her "in fee simple," within the meaning of the policy?

Conditions in a policy of insurance, limiting or avoiding liability, are strictly construed against the insurer, and liberally in favor of the insured.—*Queen Ins. Co. v. Young,* 86 Ala. 424. No intendments will be indulged to invalidate the policy, unless forced by the plain language and import of the contract. It is really not contended by counsel for the insurer that the interest of the assured in the land is not unconditional and sole. Indeed, that clause of the policy is not set up in the pleas. We refer to it, that no question may be raised upon it hereafter; for, that Mrs. Loventhal was the unconditional and sole owner of the equitable title, admits of no question. She was confessedly armed with the right to go into a court of equity and obtain the absolute, unconditional legal estate in the lands, upon simply discharging the incumbrance created thereon by the *quasi* mortgage for the purchase money. There was no condition annexed to her equitable estate, the non-performance of which would forfeit or foreclose her right thus to obtain the legal title. Such a forfeiture could occur only by judicial proceedings, at the suit of her vendor, decreeing the foreclosure of her equity; and these proceedings, themselves, she could defeat, at any time before decree, by paying the purchase money and thereby removing the

incumbrance.   Such an estate is not one upon condition, as conditional estates are commonly understood in the law.   Then, was her estate one in fee simple?   The term "fee simple" has never been used to distinguish between legal and equitable estates. - It is used to denote the quantity or duration of estates—whether the enjoyment is limited or unlimited in point of continuance or duration.   It defines the largest estate in land known to the law.   It is an estate of inheritance unlimited in duration, descendible to all the heirs alike of the owner to the remotest generations.   It may be of a legal or equitable nature.   If of the latter, the legal holder is a mere trustee for the equitable, who is the real owner, and, restrained by no provision of the trust, in cases not within the statute of uses, may at any time be compelled to execute the legal estate in him.·  It was well recognized, that fee simple estates, by that name, were created by deeds of bargain and sale and covenants to stand seized to uses, when, before the effect of the statute of uses upon them, those forms of conveyance were inoperative to transfer the legal title—when they created only an equity in the bargainee or covantee.  And Chancellor Kent says, that prior to the statute of uses, the fee, in the view of a court of chancery, passed, by reason of the consideration, in a bargain and sale, or covenant to stand seized to uses, without any express limitation to the heirs—such a limitation being, as is well known, at common law, necessary to the creation of a fee simple, cognizable in a court of law.   See 4 Kent. Com. pp. 5 and 6.   We hold that Mrs. Loventhal was the owner in fee simple within the meaning of the policy.   In support of the principles we announce we will, at the risk of unduly extending this opinion, set forth, somewhat at length, some of the many authorities in point.

In *Hough v. City Fire Ins. Co.*, 28 Conn. 10, s. c. 76 Am. Dec. 581, the condition was, "If the interest in property to be insured be a leasehold interest, or other interest not absolute, it must be so represented to the company, and expressed in the policy in writing, otherwise the insurance shall be void."   Plaintiff was in possession under an executory agreement to purchase, being entitled to a deed upon full payment of purchase money. He had partially paid, and made valuable improvements.   The court, after disposing of another question,

said: "We think, too, that the evidence conduced to prove that the plaintiff's interest in that property was an absolute interest; that is, an absolute interest in property, which is so completely vested in the individual, that he can, by no contingency, be deprived of it without his own consent. And by this contract with Eliakin Hough, and its part performance, the plaintiff had acquired a right to the whole property, of which he could not be deprived without his own consent. So, too, he is the owner of such absolute interest, who must necessarily sustain the loss, if the property is destroyed. The subject of insurance was an interest, not a title. It is an interest, not a title, of which the conditions of insurance speak. The terms 'interest' and 'title' are not synonymous. A mortgagor in possession, and a purchaser holding under a deed defectively executed, have, both of them, absolute, as well as insurable interest in the property, though neither of them has the legal titte. * * * 'Absolute' is here synonymous with 'vested,' and is used in contradistinction to 'contingent' or 'conditional.' That the plaintiff had a vested interest in the property, of which he could not be deprived against his will—an interest dependent upon no contingency for its existence or continuance—an absolute interest, * * * the evidence undoubtedly conduced to prove, and was properly received."

In *Gaylord v. Lamar F. Co.*, 40 Mo. 13, s. c. 93 Am. Dec. 289, the condition was substantially the same as in *Hough's Case, supra*, and the evidence of plaintiff's interest consisted of a certificate of purchase at a foreclosure sale, under the laws of a State allowing fifteen months for redemption; and it was shown that, after the loss occurred, he received his final deed conveying the property in fee, no redemption having taken place. The court said: "An equitable title that would be protected by a court of equity as such, may be an ownership as absolute as the legal title. The clause does not concern the particular character of the owner's title." And it was held that the right of redemption did not come within the special intent of the clause, which related rather to lesser estates or interests, of the class particularly enumerated. And the court properly remarked that they could see no reason for a different construction; for if the title had failed by reason of a redemption there

could have been no recovery on the policy even without the condition. Not so failing, the loss, in case of fire, would fall on the plaintiffs, and they would be justly entitled to indemnity. If redeemed before loss, all insurable interest in plaintiffs would have failed, and they could not recover on the policy, it being a settled principle that the insured, in order to recover, must have had an insurable interest both at the time of insurance and the loss." The court went further, in this case, and upheld the policy, on the additional ground that the fiction of relation applied—that the reception of a deed by plaintiffs, after the loss, had relation to the time of the sale, and vested the legal title as of that date, citing 4th Kent, (7th ed.), 456–460.

In *Franklin Fire Ins. Co. v. Martin*, 11 Vroom (N. J. L.) 568, s. c. 29 Am. Rep. 271, the condition was the same as above, and the court applied the decision in *Hough's Case, supra*, and upheld the policy.

In *Woody v. Old Dominion Ins. Co.*, 31 Gratt. 362, s. c. 31 Am. Rep. 732, it was held that a condition in a policy that any interest in the property insured, not absolute, or less than a perfect title, must be represented and expressed in the policy, is not broken by the existence of a lien for purchase money reserved in the deed of the premises.

In *Davidson v. Hawkeye Ins. Co.*, 71 Iowa 532, s. c. 60 Am. Rep. 818, this language was used: "We come then to the question as to whether where one party binds himself unconditionally to pay a certain price for a piece of real estate, and takes possession under the contract, and the other party binds himself to convey the real estate upon the payments being made, and nothing remains to be done but for the party taking possession to make the payments, and for the other to make the deed, such contract constitutes a sale of the real estate within the meaning of the policy. In answer to this question we have to say that we think it does. Lint (the vendee) was the real owner of the house that was burned. The loss was his. The plaintiff (the vendor) lost nothing, unless he needed the house for security. If Lint is responsible, or the property, without the house, is sufficient security for the balance of the purchase money, the plaintiff's claim can be collected, and he will have all that he would have had if the house had not

been burned.   If he is allowed to collect the insurance and the purchase money both, he will. profit by the destruction of the property.''

In *Smith v. Phoenix Ins. Co.*, 91 Cal. 323, s. c. 25 Am. St. Rep. 191, the court quotes the case of *Hough v. City F. Ins. Co.*, 27 Conn. 10, *supra*, and remark, that no doubt the case was correctly decided; and they say that the property was the vendee's, absolutely, in every sense of the word material to the risk.   "The decision," they say, "was in line with hundreds of others in which the courts everywhere have refused to defeat recovery upon insurance policies by giving effect to the literal terms of clauses of forfeitures.   Such clauses are always, and justly, construed with the utmost strictness against the insurer, and always with reference to their only legitimate effect, *i. e.*, the protection of the insurer against risks that are materially different from those which he has undertaken."   Cases from Pennsylvania, Texas, Vermont, Missouri and Iowa are cited and declared to be substantially like *Hough's Case*, and rest upon the same ground.

As early as 1836, Chancellor Walworth, in *Ætna Fire Ins. Co. v. Tyler*, 16 Wend. 385, observed:   "It is also a fact of public notoriety, that, in common parlance, the person who is in possession of real property as owner, under a valid and subsisting contract for the purchase thereof, whether he has paid the whole of the purchase money and gotten the legal title or not, is called the owner thereof, and the property is usually called his by others.   In equity, it is in fact, his; and the vendor has only a lien thereon for the security of his unpaid purchase money; and I am yet to learn that the person who is in the actual possession of property as the real owner thereof, in equity, and who must sustain the whole loss thereof primarily, in case of its destruction by the perils insured against, cannot insure it, as owner, unless there is something in the terms of the policy, or in the conditions referred to therein, requiring the true state of the legal title to be disclosed."

In *Johannes v. Standard Fire Office*, 70 Wis 196, s. c. 5 Am. St. Rep. 159, (35 N. W. Rep. 298), the condition was, "if the interest of the assured in the property be other than the entire, unconditional and sole ownership of the property for the use and benefit of the assured; or

if the building insured stands on leased ground, it must be so represented to the company and so expressed in the written part of the policy, otherwise the policy to be void." The insured held under an agreement for purchase, a balance of the purchase money due being unpaid. The court say : "But if the plaintiff is held to the exact language of the condition, which it is perfectly clear he never saw until long after the policy was issued, still the evidence shows that his interest in the property was an entire, unconditional and sole ownership. He was the real owner of the property, in equity, and for all purposes of insurance. The condition does not relate to a legal title, in fee simple, nor is that the interest described. An equitable title, if sole and unconditional, answers the description fully, and if the property was destroyed the entire loss would fall upon the plaintiff." And the court proceeds to quote and approve the same rulings, in many of the cases cited in this opinion.

In *Dupreau v. Hibernian Ins. Co.*, 43 N. W. Rep. (Mich.) 585, the syllabus, which is strictly accurate, is as follows : "Under a stipulation avoiding an insurance policy on a building in case the insured is not the sole and unconditional owner of the land on which the building is, in fee simple, the policy is valid, though the insured has but an equitable interest, being in possession under a contract of purchase from the owner in fee, and having paid part of the purchase money."

In *Hamilton v. Dwelling House Ins. Co.*, 57 N. W. Rep. (Mich.) 735, it was held that the vendor, in an executory contract of sale, the vendee being in possession and having paid part of the purchase money, was not sole and absolute owner ; and it was put upon the ground that the vendee was the entire sole and unconditional owner of the premises, the vendor holding merely the legal title for his security.

In *Knop v. F. Ins. Co.*, 59 N. W. Rep. 653 (Mich.), the condition avoided the policy, "if the interest of the insured be other than unconditional and sole ownership." Insured was vendee, in possession under executory contract of purchase. The court say : "It has been repeatedly held that such a condition will not invalidate the policy, in such a case," citing authorities.

In *Farmers M. F. Ins. Co. v. Fogelman*, 35 Mich. 481, where the applicant for insurance was, at the time in

the occupancy of the premises under an oral arrangement between his wife, her father and himself, whereby the father-in-law had advanced two thousand dollars of the six thousand dollars, purchase price of the premises, and caused the same to be conveyed to his daughter, subject to a mortgage of four thousand dollars, for a home for herself and husband, with the understanding that she was to deed it to her husband, the applicant, when she should have paid off the incumbrance, and he had accordingly gone into possession, made improvements, and made large payments on the incumbrance, in reliance upon this arrangement, and all parties were proceeding in good faith under the same, it was held that this was sufficient to make out such an equitable title in the applicant as would answer the representation that he was owner of the property. The court said: "He was owner of the barn by equitable title, and the risk of its destruction was his risk. Nobody was under obligation to rebuild for him, and he could protect himself only by insurance."

In *Imperial F. Ins. Co. v. Dunham,* 117 Pa. St. 460, (12 Atl. Rep. 668, 2 Am. St. Rep. 686), plaintiff insured certain buildings on land which he had contracted to purchase, but on which he had made no payment, but upon which he had erected a saw mill and made other improvements. The purchase price was $5,129.50, payable in three equal annual instalments, the first falling due December 1st, 1880. The policy was issued February 8, 1883. It was conditioned to be void if assured's interest was other than the entire, unconditional and sole ownership, or if the insured property be a building on land not owned by him in fee simple. (The precise condition as in the present case.) Held, that the interest of insured answered the condition. The court discuss the case elaborately, in view of the authorities. They say: "This provision of the policy does not necessarily distinguish between the legal and the equitable estate. If the title is conditional or contingent, if it is for years only, or for life, or in common, it is not the entire unconditional and sole ownership; but whether the title be legal or equitable, the interest of the assured is the same, so far as it affects the contract of insurance. The purpose of the provision is to prevent a party who had an undivided or contingent, but insurable, interest

in property, from appropriating to his own use the proceeds of a policy, taken upon the valuation of the entire and unconditional title, as if he were the sole owner, and to remove him from the temptation to perpetrate fraud and crime ; for without this a person might thus be enabled to exceed the measure of an actual indemnity. But, where the entire loss, if the property is destroyed by fire, must fall upon the party insured, the reason and purpose of this provision does not seem to exist ; and in the absence of any particular inquiry as to the specific nature of the title, or of any express stipulation in the policy that the assured held the legal or equitable title— either being available to secure an entire, unconditional and sole ownership—the provision referred to can, we think, have no force to defeat the plaintiff's recovery in this case. Where articles of agreement are entered into for the sale of land, the purchaser is considered the owner. It does not seem to be necessary, to produce this effect, that any part of the purchase money should be paid ; it results from the contract. When a part of the purchase money is paid, the interest of the purchaser in the land is not circumscribed by the extent of the money paid, but embraces the entire value of the land over and above the purchase money due. He is treated as the owner of the whole estate, incumbered only by the purchase money. If the land increase in value, it is his gain ; if it decreases, if improvements are destroyed by fire or otherwise, it is his loss." The court then proceeds to support its conclusions by the practically unbroken line of authorities, directly in point. To the same effect is *Elliott v. Ashland Mut. Fire Ins. Co.*, 117 Pa. St. 548, s. c. ; 2 Am. St. Rep. 703.

It seems unnecessary to extend this opinion by further quotations. We have examined critically all of the following cases, and find them expressly applicable, and squarely supporting the principles of the cases above referred to : *Ramsey v. Phoenix Ins. Co.*, 2 Fed. Rep. 429 ; *Lewis v. New Eng. F. Ins. Co.*, 29 Fed. Rep. 496 ; *Ellis v. Ins. Co. of North America*, 32 Fed. Rep. 646 ; *Pelton v. Westchester F. Ins. Co.*, 77 N. Y. 605 ; *Millville Mut. F. Ins. Co. v. Wilgus*, 88 Pa. St. 107 ; *Chandelr v. Commerce F. Ins. Co.*, 88 Pa. St. 223 ; *Bonham v. Iowa Central Ins. Co.*, 25 Iowa, 328.

We have not included in our citations any of the vast

array of cases, holding that the creation, by the legal holder, of a mortgage or other incumbrance upon the premises, is not violative of the condition, in question. Many of them are collected in the printed brief of appellant's counsel. See also 7 Am. & Eng. Encyc. of Law, 1022, note. Our extended research has not discovered a case to the contrary. Indeed, the cases proceed virtually upon the same principles which underlie the rulings, above set forth, in the cases of executory contracts of sale and purchase. We will quote just one, which furnishes the key to the rulings in them all: *Dolliver v. St. Joseph F. Ins. Co.*, 128 Mass. 315; s. c. 35 Am. Rep. 378. The court say: "It has long been settled in this commonwealth, that as to all the world, except the mortgagee, a mortgagor is the owner of the mortgaged lands, at least till the mortgagee has entered for possession," (citing a number of authorities). "1. This being the law, and the mortgagees not being in possession of the premises, the plaintiff's assignor might well be described in a policy of insurance as the owner of the property insured; and inasmuch as his estate was in fee simple, not an estate for life, and not a base, qualified or conditional fee, it might well be described as the entire and unconditional ownership; and as he had no joint tenant nor tenant in common, his estate was well described as the sole ownership. As between him and the defendant (the insurance company) the mortgages and the lease were mere incumbrances on his title, not affecting its character as entire, and not changing it from an absolute to a conditional estate or ownership. Even as between him and the mortgagees, the mortgagees' estate was the conditional one, determinable by satisfaction of the condition set out in the mortgage deed. There was no joint tenancy nor tenancy in common of the mortgagor and mortgagees. All the characteristics of such tenancies are lacking in their relation to the property. The lease for years created only a chattel interest in the premises, not affecting the ownership of the fee. It was merely an incumbrance. It has been held by the Supreme Court of the United States, in a recent case, that an outstanding lease did not invalidate a policy in which the ownership of the assured was described as entire, unconditional and sole." Citing *Ins. Co. v. Haven*, 35 U. S. 242. That the existence of a private

[Purifoy, Auditor, v. Lamar.]

easement on the land does not violate the condition, see *Commercial Fire Ins. Co. v. Allen*, 80 Ala. 571.

The cases of *Smith v. Bowditch Mut. F. Ins. Co.*, 6 Cush. (Mass.) 448; *Bowditch Mut. F. Ins. Co. v. Winslow*, 3 Gray (Mass.) 415; *Brown v. Williams and Thomason Mut. F. Ins. Co.*, 28 Me. 252; *Merrill v. Farmers & Mechanics Mut. F. Ins. Co.*, 48 Me. 285; *Agricultural Ins. Co. v. Montague*, 38 Mich. 548, and *Mers v. Franklin Ins. Co.*, 68 Mo. 127, will be found, upon examination, not to be in conflict with the above cases. Besides what is said in *Liberty Ins. Co. v. Boulden*, 96 Ala. 508, the only case we have found which appears to be opposed to the line of cases touching the interest of vendees in executory contracts, is that of *Hinman v. Hartford F. Ins. Co.*, 36 Wis. 159; but the court cites none of the controlling authorities to which we have referred, a number of which are cited approvingly by the later Wisconsin case of *Johannes v. Standard Fire Office*, 70 Wis. 196, *supra*.

The expressions of the court in *Liberty Insurance Company v. Boulden*, 96 Ala. 508, in so far as they conflict with the conclusion reached in this opinion, are hereby modified.

We cannot attempt to bring order out of the confusion with which the record attempts to present the rulings of the court on demurrers to the special pleas, on the subject of occupancy. If it is desired to have those questions passed upon, they must be brought back here on a better record.

The court erred in giving the general charge for the defendant.

Reversed and remanded.