# Able *v.* Gunter.

## *Specific Performance.*

(Decided Jan. 19, 1912.　57 South. 464.)

1. *Vendor and Purchaser; Bond for Title; Obligation.*—Where a vendor has executed a bond for title to convey land upon the vendee making the stipulated payments therein, and the vendee complies with his part of the contract, the vendor is bound to convey the land to the vendee, the only duty upon the vendee being to pay the specified sums.

2. *Same; Effect.*—Where the bond for title provides only for the payment of stipulated sums of money, the vendee is entitled both to the possession of the land and the rent.

3. *Contracts; Consideration.*—Where the vendor executed a bond for title conditioned upon the payment of certain specified sums, the vendee became entitled to the rents and possession, and his parol promise to pay rent was invalid as being without consideration.

4. *Evidence; Parol to Vary Writing.*—Where the bond for title provided only for the payment of specific sums of money, evidence that it was agreed that the vendor should have the rent from the

place until the entire purchase price was paid, was not admissible as showing the consideration of the contract, as such evidence would vary the written contract, and in the absence of express agreement, the vendee was entitled both to the possession and the rents.

APPEAL from Covington Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. E. Gunter against Wayne Able to specifically enforce a contract. Decree for complaint and respondent appeals. Affirmed.

The bond for title directed to be set out is as follows: "State of Alabama, Covington County. Know all men by these presents, that we, Wayne Able and H. H. Hogg, are held and firmly bound to W. E. Gunter in the sum of $2,200.00, for the payment of which we hereby bind ourselves, our heirs, and personal representatives. Signed and sealed by us this the 12th day of February, 1904. But the condition of the above obligation is such that, whereas, the said Wayne Able has sold to W. E. Gunter, for the sum of $1,100.00, which is to be paid as follows: $220.00, Nov. 1, 1904; $220.00, Nov. 1, 1905; $220.00, Nov. 1, 1906; $220.00, Nov. 1, 1907; and $220.00, Nov. 1, 1908—a certain tract of land lying and being in the county of Covington, state of Alabama, and described as follows, to-wit: The N. W. ¼ of section 12, township 5, range 15. Now, if the said W. E. Gunter shall pay the said sum of $1,100.00 as the payments become due, and the said Wayne Able shall by warranty deed convey a fee-simple title to the above-described premises to the said W. E. Gunter, then this instrument shall be null and void; otherwise, to remain in full force and effect." Signed by Wayne Able and H. H. Hogg. Recorded. Indorsed on the bond is the following: "Received on the within bond $330.29, first payment, and rent for the first year." "Received on the within bond $220.00, second payment, and rent for second year." "Received on the within bond $220.00, also cotton as in-

terest." "Received on the bond $220.00, Nov. 1, 1907."
Each signed: "Wayne Able."

· A. R. POWELL, and W. L. PARKS, for appellant. As
between the parties to a contractor in writing, the con-
sideration may be proved or disproved by parol evi-
dence.—*Coleman v. Pike County,* 83 Ala. 326; *Foster
v. Bush,* 104 Ala. 662. If the contract between Able
and Gunter had the legal effect to confer a right on
Gunter to the rents, it was varied by the subsequent
agreement to pay Able the rents in consideration of
Benton's surrender of the possession to Gunter with
Able's consent.—*Stoutenburg v. Thompson,* 1 Stock-
ton's Ch. Rep. 337; Pom. 1520.

REID & PRESTWOOD, for appellee. The parties express-
ed their agreement in writing, and it cannot be varied
by parol evidence.—17 Cyc. 596; *Forbes v. Taylor,* 139
Ala. 286; *Thompson v. Glass,* 136 Ala. 648; *Dexter v.
Orlando,* 89 Ala. 269. Under the contract, the vendee be-
came the equitable owner of the land, and the vendor
the owner of the purchase money, with the right of
possession in the vendee, entitling him to right of en-
try and enjoyment.—*Loventhal v. Home Ins. Co.,* 112
Ala. 113; *Hawkins v. Merritt,* 109 Ala. 264; *Ashurst v.
Peck,* 101 Ala. 499; *Wimbush v. B. & L. Assn.,* 69 Ala.
575; *Davis v. Williams,* 130 Ala. 538. The bond for
title was the security retained for the purchase money,
and all the essentials incident to a mortgage attached.
—*Hester v. Hunnicut,* 104 Ala. 286; *Bankhead v. Owen,*
60 Ala. 458, and authorities supra. The promise to pay
rent was without consideration and void.—*Crim v.
Nelms,* 78 Ala. 604; *Sadler v. Jefferson,* 143 Ala. 669;
*Thompson v. Hudgins,* 116 Ala. 93; *Maull v. Vaughan,*
43 Ala. 134.

McCLELLAN, J.—This bill, exhibited by a vendee, seeks the specific performance of a contract to convey land. A bond for title was executed by the vendor (appellant) to the vendee (appellee). It will be set out in the report of the appeal.

Appellant's contention is thus succinctly stated in brief by his solicitors: "The contention of appellant, Able, is that it was the agreement and intention of the parties to the contract, though not so expressed, that Able should have the rent according to Benton's lease, in lieu of interest; that it was a part of the consideration of the contract. If this is not true, then appellant contends that part of the contract was orally modified subsequently by the parties when Gunter purchased the possessory interest of Benton and assumed payment of the rent to Able. If this is true, then Gunter has not complied with the contract, and was not entitled to relief."

The contract, the performance of which is sought to be enforced, is that expressed in the bond for title. The sole substantive obligation placed upon and assumed by the vendee thereunder was to pay the sum named at the time stipulated therein; whereupon it was the obligation of the vendor to convey the land to the vendee as he engaged to do. Such was the construction of a similar instrument taken in *Sims v. Knight,* 71 Ala. 197, wherein Chancellor Turner's opinion was, in substance, adopted by this court. The adopted opinion there said: "* * * It is upon payment, and upon payment only, that the bond is conditioned and the agreement to sell and convey is predicated."

Consistent with the construction indicated, the first insistence for appellant cannot prevail, since to approve it would materially vary the obligation assumed by the vendee under the written instrument defining the

condition upon which the vendor should convey to him.
Parol evidence of prior or contemporaneous verbal
agreements varying or adding to the written con-
tract is not admissible.—*Thompson F. & M. Co.
v. Glass,* 136 Ala. 648, 33 South. 855; 9 Ency.
Ev. pp. 331-334. It is true that, between the par-
ties thereto, the consideration of contracts is
open to inquiry by parol.—*Foster v. Bush,* 104
Ala. 662, 16 South. 625, among others. But that is
manifestly a different matter from allowing parol evi-
dence of a contemporaneous agreement, the immediate
effect of which would be to impose conditions wholly
omitted from the written contract. The rule against the
reception of parol evidence of prior or contemporaneous
verbal agreements to add to or vary written contracts
comprehends verbal agreements, whereby the *legal effect*
of the instrument would be changed.—*Moragne v. Rich-
mond L. & M. Co.,* 124 Ala. 537, 27 South. 250; *Ala.
Nat. Bank v. Rivers,* 116 Ala. 1, 11, 22 South. 580, 67
Am. St. Rep. 95; 9 Ency. Ev. pp. 333, 334. If there is in
a bond for title no stipulation to the contrary, "the con-
tract of itself operates a transmutation to the vendee of
the possession, entitling him to the right of entry and
enjoyment."—*Loventhal v. Home Ins. Co.,* 112 Ala. 108,
20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17;
*Ashurst v. Peck,* 101 Ala. 499; 14 South. 541. In such
case, the vendee is entitled to the rents and profits, as
a mortgagee in possession is accountable therefor.—
*Ashurst v. Peck, supra; Loventhal v. Home Ins. Co.,
supra; Bank of Opelika v. Kiser et al.,* 119 Ala. 194,
200, 24 South. 11. So to admit parol evidence affecting,
as indicated, the legal effect of the bond given by Able
would violate the rule stated.

The execution by the vendor of the bond for title,
without provision therein excluding the vendee's right

thereunder to the possession, or the rents and profits, operates to divest the vendor of any right to the rents and profits, pending the performance of the executory contract to convey. So if, in fact, the vendee purchased the possessory rights of Benton under Benton's lease, and agreed to pay the vendor the rent stipulated to be paid by Benton to the vendor (the assignee of Neese, the original lessor to Benton), his engagement, under the authorities before cited was no more than to pay his vendor rent to which he was not entitled—to which the vendee himself was entitled—thereby leaving his alleged engagement to pay rent to his vendee without consideration.—*Thompson v. Hudgins*, 116 Ala. 93, 22 South. 632; *Maull v. Vaughn*, 45 Ala. 134; *Crim v. Nelms*, 78 Ala. 604; *Oldacre v. Stuart*, 122 Ala. 405, 409, 25 South. 38. Under this bond for title, effecting, from its omission to stipulate otherwise, the investment of the vendee with the right to rents and profits from the land, the vendee was entitled to the cotton Benton had engaged, under his lease, to deliver for the use of the land. In consequence, the vendor was not deprived of—did not part with—any right or value; nor was he placed thereby in a position of detriment to his interest, according to his bond for title, which, under established principles before adverted to, we feel bound to find the chancellor correctly affirmed.

The decree is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.