(100 South. 551)

FORRESTER v. GRANBERRY. (4 Div. 118.)

(Supreme Court of Alabama.   May 1, 1924. Rehearing Denied June 5, 1924.)

1. Appearance ⊂⊃8(3), 24(5)—Filing of demurrer and proceeding to hearing thereon held appearance.

Nonresident defendant made a sufficient appearance so as to waive objection to service by filing demurrer to bill and by proceeding to hearing on demurrer.

2. Vendor and purchaser ⊂⊃78—Time not generally regarded as of essence in equity.

Generally, in equity, time is not regarded as of the essence of the contract.

3. Specific performance ⊂⊃96—Purchaser need not tender performance before filing bill, where time is not of essence.

Where time is not of the essence of contract, purchaser need not offer to perform or tender a deed before filing bill for specific performance.

4. Pleading ⊂⊃204(2) — Demurrer to bill as whole not sustained because of insufficiency of allegations relating to accountability for rents.

Purchaser's bill for specific performance and for an accounting as to rents *held* not subject to demurrer addressed to bill as a whole for failure to show vendor accountable for rents.

5. Vendor and purchaser ⊂⊃191—Purchaser under executory contract entitled to possession before payment of price.

Unless providing otherwise, an executory land contract gives purchaser right of possession, even though purchase price is not fully paid.

Sayre, J., dissenting in part.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill in equity by J. B. Granberry against A. H. Forrester for specific performance of a contract to convey lands. From a decree denying motion to set aside service and overruling demurrers to the bill, respondent appeals. Affirmed.

See, also, 210 Ala. 172, 97 South. 619.

F. M. Gaines, of Dothan, for appellant.

The bill fails to allege that appellant has refused to carry out the contract and that appellee has met all the conditions imposed upon him. This is necessary to give the bill equity. Irvin v. Bailey, 72 Ala. 467; Cox v. Boyd, 38 Ala. 42; Gentry v. Rogers, 40 Ala. 442; Hart v. McClellan, 41 Ala. 251; Jenkins v. Harrison, 66 Ala. 345; Carlisle v. Carlisle, 77 Ala. 343; Bell v. Thompson, 34 Ala. 633; Carter v. Thompson, 41 Ala. 375; Mitchell v. Wright, 155 Ala. 458, 46 South. 473. Before a party is entitled to rents he must be entitled to possession; and under the bond for title complainant was not entitled to possession, and therefore not entitled to an accounting.

Farmer, Merrill & Farmer, of Dothan, for appellee.

It was not necessary that the bill show a demand by appellee and tender by him. Ashurst v. Peck, 101 Ala. 499, 14 South. 541; Eason v. Roe, 185 Ala. 71, 64 South. 55; Zirkle v. Ball, 171 Ala. 568, 54 South. 1000. The averment that appellee is ready, willing, and able to perform was sufficient. Enslen v. Woodlawn Co., 210 Ala. 40, 97 South. 80. There being no stipulation to the contrary, appellee was entitled to possession under the bond, and, hence, to the rents. Lowery v. Peterson, 75 Ala. 109; Love v. Butler, 129 Ala. 531, 30 South. 735; Ashurst v. Peck, supra; Able v. Gunter, 174 Ala. 389, 57 South. 464; Reid v. Davis, 4 Ala. 83; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; Bank v. Kiser Co., 119 Ala. 194, 24 South. 11; Bankhead v. Owen, 60 Ala. 467; Conner v. Banks, 18 Ala. 44, 52 Am. Dec. 209.

GARDNER, J.   Bill by appellee against appellant for the specific performance of a contract for the sale of land, and from a decree overruling the demurrer to the bill respondent has prosecuted this appeal.

[1] A preliminary question is argued. The bill alleged the respondent is a nonresident, giving his address in the state of Georgia, and service was had by mailing [registered mail] the summons and complaint and a copy of the bill to such address; and the certificate appears showing that the same was duly receipted for. The respondent filed a motion to have this service set aside upon the ground he was not a nonresident but a resident of Houston county, and respondent also filed demurrers to the bill. The chancellor was of the opinion that proceeding to a hearing upon the demurrer, without insisting upon the motion, was a waiver of any rights under the motion; and that the filing of the demurrer amounted to an appearance for all practical purposes. In the denial of the motion we concur, though we may add, parenthetically, it is doubtful if

━━━━━━

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

this question is reviewable upon appeal from an interlocutory decree, from which the appeal is prosecuted.

The contract for the sale of the land is in the form of a bond for title, duly executed by the respondent, which is made an exhibit to the bill. The purchase price was $4,000, $2,000 of which was payable in cash, and the balance due in installments at future dates therein stipulated. The contract bears date November 8, 1919, and the last installment was due November 1, 1921. The bill was filed in November, 1923, and shows that the $2,000 cash payment was made, and avers that the complainant is ready, willing, able and offers to pay the balance of the purchase price with the interest thereon, as may be determined by the court, and submits himself to the jurisdiction of the court, together with an offer to abide by any of its decrees.

The bill fails to allege, however, that the complainant had previously offered to respondent the balance of the purchase money, and it is insisted by counsel for appellant that for this reason the bill was subject to demurrer.

[2, 3] The general rule is that in equity time is not regarded as of the essence of the contract. Isom v. Johnson, 205 Ala. 157, 88 South. 543. Clearly there is nothing in the contract here under consideration manifesting an intent of the parties that time should be of its essence. Under these circumstances it has been the well-established rule of this court, at least since the case of Ashurst v. Peck, 101 Ala. 499, 14 South. 541, that it is not essential to the maintenance of a bill for specific performance that the complainant (vendee) offer to perform or tender a deed before filing the bill. A failure to do so affects only the question of costs. Eason v. Roe, 185 Ala. 71, 64 South. 55; Enslen v. Woodlawn Realty, etc., Co., 210 Ala. 40, 97 South. 80; Zirkle v. Bell, 171 Ala. 568, 54 South. 1000; Blackburn v. McLaughlin, 202 Ala. 434, 80 South. 818.

Under the above-cited authorities, therefore, the demurrer taking this point was properly overruled.

The bill in its fourth paragraph alleges that the respondent has remained in possession of the land since the date of the contract, and an accounting is sought for the ascertainment of the amount of rent due to the end that the said respondent be charged with the rent received, and that the same be deducted from the balance of the purchase price. As previously noted, these installments were past due and unpaid at the time of the filing of the bill.

[4] It is insisted by counsel for appellant that the bill does not show the respondent accountable for the rents. The pleader has, however, failed to properly present the question for determination. It is only raised by making it one of the assignments of demurrer; but the demurrer is addressed to the bill as a whole. To properly present the question the pleader should have demurred to so much of the bill as sought the accounting rather than to the whole bill.

However, in view of the further progress of the cause, we have deemed it proper to state our views concerning the point here sought to be presented. In the bond for title the respondent agreed to convey upon the payment of the sum of money when due, and is silent upon the question of possession as well as that of rent. The question of rents should of course relate to the right of possession of the property.

[5] Upon original consideration of this cause the writer was of the opinion, and so wrote for the court, that under the contract in question possession was to change from the vendor to the purchaser upon completion of the contract—the full payment of the purchase price. This view seems to be sustained by the great weight of authority, and in the writer's opinion by sound reasoning also. In 39 Cyc. 1620, it was pointed out that the right of possession ordinarily follows the legal title, and, as an executory contract of sale does not divest the legal title of the vendor, but merely confers upon the purchaser an equitable title, it follows that, unless the contract provides otherwise, the right of possession remains in the vendor, and that the purchaser does not merely by virtue of his contract of purchase acquire any right of possession of the property. A number of cases are cited in the note which fully sustain the text, among them Burnett v. Caldwell, 9 Wall. 290, 19 L. Ed. 712, a case very much in point. See, also, Fry on Specific Performance, p. 677.

Upon original consideration our attention was directed in brief of counsel for appellee to the case of Ashurst v. Peck, 101 Ala. 499, 14 South. 541, as sustaining a contrary view, but which we then thought might be differentiated from the instant case. Upon application for rehearing, however, our attention is directed to other authorities in this state reiterating the principle announced in Ashurst v. Peck, which had escaped our attention, among them Able v. Gunter, 174 Ala. 389, 57 South. 464, which is more directly in point concerning the question of liability of the vendor for rents received under contracts of this character. It was there said:

"If there is in a bond for title no stipulation to the contrary, 'the contract of itself operates a transmutation to the vendee of the possession, entitling him to the right of entry and enjoyment.' * * * In such case, the vendee is entitled to the rents and profits, as a mortgagee in possession is accountable therefor. * * * The execution by the vendor of the bond for title, without provision therein excluding the vendee's right thereunder to the possession, or the rents and profits, operates to divest the vendor of any right to the rents

and profits, pending the performance of the executory contract to convey."

In addition to the case of Ashurst v. Peck, supra, that opinion cites Loventhal v. Home Ins. Co., 112 Ala. 118, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, and Bank of Opelika v. Kiser, 119 Ala. 194, 24 South. 11.

In Ashurst v. Peck, supra, speaking of contracts of this character, the court said:

"It is a familiar rule, declared in many of our decisions, that the relation of a vendor of lands, who has retained the title and bound himself to convey on payment of the purchase money to his vendee, is analogous to that of mortgagee to mortgagor. All the incidents of a mortgage attach to it. We hold, therefore, that such a vendor in possession of the lands is accountable to the vendee or his assignee for rents and profits to like extent that a mortgagee in possession is accountable."

The foregoing authorities disclose that this principle has been consistently reaffirmed by this court. As far back as Reid v. Davis, 4 Ala. 83, we find this court committed to the doctrine that contracts of this character give to the purchaser a right of entry and enjoyment of land. It therefore appears that this court is committed to this principle, which has been so long established as may be said to constitute a rule of property.

The writer is of the opinion that the rule announced in 39 Cyc, supra, is a sounder rule, and appears to be supported by the great weight of authority. A contrary doctrine being so firmly established in our decisions, the writer is of the opinion it should not now be disturbed, and therefore acquiesces in a modification of the original opinion so as to conform thereto.

Justice Sayre is of the opinion the rule announced in Able v. Gunter, supra, and the other authorities therein cited is unsound, and that the principle recognized in the original opinion is sound, supported by the weight of authority, and should be adhered to. He therefore dissents to that portion of the opinion treating the accountability of respondent for rents, but concurs in the result.

The decree of the court below will be affirmed.

Affirmed.

All the Justices concur.