# Moragne *et al. v.* Richmond Locomotive and Machine Works.

### *Action on Promissory Note.*

1.  *Parol evidence inadmissible to vary contract; when.*—Where the complaint counts on a promissory note made by the defendants and no one else, and the defendants set up by plea that they are not liable because the property for which the note was given was purchased by a corporation for which defendants were acting, and it was part of the contract that the corporation should be bound and not the defendants, the legal effect of the note was to bind the defendants and them alone, and in the absence of any averment that the name of the company appears on the face of the note as an obligee in such way as to render it doubtful from the paper itself which of them, the company or the defendants, were intended to be bound, parol evidence is inadmissible to show it was the intention to bind the company and not the defendants.
2.  *Novation; what is; and how pleaded.*—While the essential requisites of a novation are:  1, a previous valid obligation;  2,

[Moragne *et al.* v. Richmond Locomotive & Machine Works.]

the agreement of all the parties to the new contract; 3, the extinguishment of the old contract; 4, the validity of the new contract; yet it is sufficient in a plea setting up a novation that it states that the plaintiff and defendants agreed among and between themselves that the plaintiff would release and discharge the defendants from their liability on said obligation and take a corporation named therefor, and to said agreement said corporation was a party and consented thereto—such plea showing by the facts averred that there was a contemporaneous agreement between the plaintiff, defendants and the corporation by which the plaintiff released and discharged the defendants in consideration of the absolute promise by the corporation to pay the debt sued on, and an acceptance by the plaintiff of the promise. (Tyson, J., dissenting.)

3. *Verbal promise sufficient in novation.*—In novation a verbal promise to the creditor and a release and discharge by him of the original debtor, is sufficient.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

Action by the Richmond Locomotive and Machine Works against J. M. Moragne, W. B. Beeson and G. W. Whorton on a promissory note executed by the defendants in their individual names to the plaintiff. The defendants filed six pleas to which demurrers were sustained. They then filed plea number 7, the substance of which was that the consideration of the note sued on was the purchase of certain machinery by a corporation known as the Etowah Alliance Manufacturing Company; that the note was executed by the defendants as Board of Managers of said corporation and not otherwise; that the corporation had power to purchase said machinery and to execute its note for the same; that defendants had authority from said corporation to buy the machinery and to execute its note for the same; that plaintiff dealt with said corporation; that plaintiff knew that said corporation bought the machinery itself and that the notes were so executed; and that the debt sued on was contracted by the said corporation and not otherwise. This plea was amended as shown in the opinion. The defendants also filed the following pleas referred to in the opinion: 8. "That since the execution of the instrument sued on there has ben a novation of

the same in this, that plaintiff and defendants agreed among and betwen themselves, that plaintiff would release and discharge defendants from their liability on said obligation, and take the Etowah Alliance Manufacturing Company therefor, and to said agreement the Etowah Alliance Manufacturing Company was a party and consented thereto, and the consideration for their so consenting and agreeing thereto was the fact that said Etowah Alliance Manufacturing Company received and used said machinery and got the benefit thereof. Plea 9 is the same as 8 except that it states that William Myrick was the third party to whom plaintiff was to look for payment. Plea 10. "Defendants further answering said complaint say that the consideration of the instrument sued on was the sale and delivery of one 11 x 16 side crank engine and 40 H. P. return tubular boiler with fitting complete and that said consideration thereof has failed in that plaintiffs never did deliver to defendants the said machinery, but shipped and delivered it to the Etowah Alliance Manufacturing Company, a corporation separate and distinct from these defendants, after the execution and delivery of the notes sued on to plaintiffs, wherefore these defendants say plaintiffs cannot recover in this action.

BURNETT & CULLI, for appellant, cited the following authorities to show that it was open to the defendants, the makers of the note sued on, to prove by parol that it was the intention of the parties to the contract that the defendants were not to be bound in their individual capacity, but only as managers of the corporation.—*Drake v. Flewellen*, 33 Ala. 106; *May v. Hewitt*, 33 Ala. 161; *Humes v. Decatur Land Co.*, 98 Ala. 472; *Baker v. Gregory*, 28 Ala. 544; *Hicks v. Hinde*, 9 Bar. 528; *Metcalf v. Williams*, 104 U. S. 93; *Sayre v. Nicholson*, 68 Am. Dec. 282.

O. R. HOOD, *contra*, cited, to show that the novation pleas 8 and 9 were bad in not showing that Myrick or the Etowah Alliance Co. made express promise to pay, the following authorities.—*Horn v. McKinney*, 32 N. E. 370; *Pope v. Vajen*, 22 N. E. 308; 16 Am. & Eng. Ency. of Law, 864.

TYSON, J.—On a former appeal in this case, plea No. 7 was held bad on demurrer, for the reason that parol extrinsic evidence cannot be resorted to, to alter or vary the legal effect of the written instrument sued upon.—*Richmond Locomotive & Machine Works v. Moragne et al.,* 24 So. Rep. 834.

Since a remandment of the cause, this plea has been amended by adding the following words: "And that it was a part of the contract of sale of said machinery that the said notes should have been given by defendant as board of business managers of said corporation, and not as individuals and that the said corporation should be bound for the payment of the same and that said individuals should not as such individuals be bound. The fact being that said corporation, the Etowah Alliance Manufacturing Company had bought said machinery from plaintiffs and paid one-third cash for same out of its treasury to plaintiffs, and with full knowledge of plaintiffs that the said machinery was bought and the said cash payment made by said corporation to plaintiff out of its treasury and not by these defendants. Hence defendants say they are not liable for said debt."

The complaint counts on a promissory note made by the defendants and no one else. The purpose of the amendment to the plea is to shift the *prima facie* liability imposed upon them by the execution of the note, and impose it upon the Etowah Alliance Manufacturing Company, their principal, for whom they purchased the machinery, because as alleged it was the intention of the parties, that their principal should be bound and not them. The legal effect of the note was to bind them, and them alone, and in the absence of any averment that the name of the Etowah Alliance Manufacturing Company appears on the face of the note as an obligor in such way as to render it doubtful from the paper itself which of them, the company or the defendants, was intended to be bound, parol evidence is inadmissible to show it was the intention to bind the company and not the defendants.—*Richmond Locomotive & Machine Works v. Moragne et al., supra,* and authorities cited therein. The defects in the plea, as pointed out on the

former appeal, were not cured by the amendment, and the demurrer was properly sustained to it.

The 8th and 9th pleas set up a novation in that the plaintiff accepted the promise of third parties named in the pleas to pay this debt. Indeed the only difference in the verbiage of the pleas is in stating the name of this third party. There are four essential requisites to a novation—first, a previous valid obligation; second, the agreement of all the parties to the new contract; third, the extinguishment of the old contract, and fourth, the validity of the new one.—16 Am. & Eng. Ency. Law, 864 and note.

The insistence is that plea No. eight does not show that the agreement alleged in it ever became an executed contract, in that the Etowah Alliance Manufacturing Company made a promise to pay to plaintiff the amount due upon the notes sued upon. And further that it is not shown by the plea that this company was not before the making of said agreement liable to the plaintiff for the debt sued on. These insistences are properly raised by demurrer to the plea. A majority of the court are of the opinion that the facts averred in the plea are sufficient to show a contemporaneous agreement between the plaintiff, defendants and the Etowah Alliance Manufacturing Company, by which the plaintiff released and discharged the defendants in consideration of the absolute promise by the company to pay these notes and an acceptance by the plaintiff of that promise. They hold the plea sufficient. In this construction of the plea I cannot concur.

A verbal promise of the Alliance Manufacturing Company if made and accepted would of course be sufficient, and a release and discharge of the defendants by the plaintiff would be a sufficient consideration to support the promise.

What is here said of plea 8 applies to plea No. 9.

It follows that the demurrer to each of these pleas should have been overruled.

It is sufficient to say of plea 10, for aught that appears from its averments, that by the terms of the contract of sale, the plaintiff was obligated to deliver the

machinery to the Etowah Alliance Manufacturing Company.

For the error pointed out the judgment must be reversed and the cause remanded.